CLAUDIAS JONES, PLAINTIFF IN ERROR, v. THE COUNTY COMMISSIONERS OF SEWARD COUNTY, DEFENDANTS IN ERROR.

1. **Taxation**: VALUATION OF PROPERTY. Every person and corporation shall pay a tax in proportion to the value of his, her, or its property and franchises, and cannot be compelled to pay a tax greater than in proportion to the value of such property.

2. ———: ASSESSMENT OF PERSONAL PROPERTY. Under the provisions of section twenty-one of the revenue laws, in the assessment of personal property, the taxpayer is entitled to have a deduction of *bona fide* debts owing by him, from the gross amount of his credits.

ERROR to the district court for Seward county. Tried below before POST, J. The case is stated in the opinion.

*Norval Brothers* and *Lowley & Leese*, for plaintiff in error.

Under the revenue statutes of this state the assessor does not fix the value upon all taxable property. The assessor values part and the owner part. The owner values his "moneys and credits" and "stocks or shares in incorporated companies" in every instance, except when the owner fails, neglects, or refuses to list, or to take the prescribed oath, then the assessor determines their value. General Statutes, Chap. 66, secs. 6, 11, 20 and 21. General Statutes, 899, Sec. 9. *Town of Wauwatoso v. Gunyon*, 25 Wis., 271. *White v. City of Appleton*, 22 Wis., 639.

The person assessed has a right in listing his credits to deduct from the gross amount the amount of *bona fide* debts owing by him. He is only required to list the amount of his credits over and above his *good faith* indebtedness. Jones had no credits to list, for the reason that his debts equaled to and exceeded his credits. General Statutes, 903, sec. 21, and 897, sec. 3.

Jones having made out and returned to the assessor under oath, in the time and manner prescribed by law, a list of all his taxable property, this was final and conclusive upon the assessor. The assessor had no authority to increase the items or values of property which the law authorizes the owner to value. *Matheson v. The Town of Mazomanie*, 20 Wis., 191. *Ketchum v. The Town of Mukwa*, 24 Wis., 303. *White v. City of Appleton*, 22 Wis., 639. *K. P. R'y Co. v. Commissioners, etc.*, 16 Kas., 587, 594.

*McKillip & Page*, for defendant in error.

Is the statement of taxable property, subscribed and sworn to by the person to be assessed, conclusive and final as against the assessor, or against the board of equalization?

*First.* We maintain that it does not conclude the assessor from adding items omitted from the sworn lists. Cooley on Taxation, 205. General Statutes, Title Revenue, secs. 1, 2, 4, 6, 8, 9, 10, 11, 12, 13, 20, 21, 24, 25, and 27. *Thompson v. Tinkum*, 15 Minn., 295. *State v. Hamilton*, 5 Ind., 318. *Champain Co. Bank v. Smith*, 7 O. S. 49.

The sworn list of persons assessed does not conclude the board of equalization from raising or lowering the valuations of any or all property (except property valued by the state board), or to add to the assessment roll, the description of such property as may have been omitted. General Statutes, 907, Sec. 27. *Robinson v. Ward*, 13 O. S., 297. *People v. Argnello*, 37 Cal., 526.

*Second.* Jones, by appearing before the board of equalization, which had authority to add omitted descriptions of property, waived informalities (if any) in the return of the assessor. *Nieman v. Shepard*, 27 Ind.,

293. *Merill v. Gorhan*, 6 Cal., 42. *Williard v. Holden*, 4 Wend., 223.

*Third.* An assessment roll regular on its face, is a public record made under oath of office, and when a person aggrieved at anything therein appears before the board of equalization, presumptions are in favor of its correctness, and it cannot be set aside for any informality, or irregularity of the assessor not appearing on the face of the roll, but can only be set aside by the board upon evidence showing affirmatively that the party is entitled, on the merits of his case, to the relief asked. *People v. Halsey*, 37 N. Y., 346. *Thompson v. Tincom*, 15 Minn., 302. *Barhyte v. Shepherd*, 35 N. Y., 255. *Western R. R. Co. v. Nolan*, 48 N. Y., 513.

GANTT, J.

The plaintiff in error made out under oath, and returned to the assessor, on the 11th day of March, 1876, a statement or list of his taxable property. On the same day, without the knowledge of the plaintiff, the assessor made out another statement or valuation, consisting of " moneys $1,000; mortgage securities $31,245; and corporation stocks $1,000." And on the 10th day of April, in the same year, he made out and delivered to the county clerk an assessment roll, in which was added to the statement of his taxable property made by plaintiff, the above sums, designated as " moneys and credits $32,245," and " corporation stocks $1,000."

The plaintiff at the proper time made application to the county board of equalization to correct this assessment roll, by striking out the sums or valuations, so assessed by the assessor; and on the 19th day of April, 1876, the board made a final order sustaining the additional assessments of valuation made by the assessor as taxable property of the plaintiff, and adding thereto fifty per cent (Gen. Stat., 899) making the total of $49,867.77,

as taxable property of the plaintiff.   Upon a review of
the case, the district court affirmed the findings and order
of the board, and the case is now brought into this court
by petition in error.

It seems clear that there was error in adding the
fifty per cent to the assessed value of the property of
the plaintiff.   Section one, article IX of the constitu-
tion declares "that every person and corporation shall
pay a tax in proportion to the value of his, her, or its
property and franchises."   This is the fundamental law,
and   notwithstanding   the   legislature   shall   direct   the
manner in which this value shall be ascertained,· yet
the levying of the tax must be by valuation; it is the
*value* of the property which is to be ascertained, and no
citizen can be compelled to pay a tax greater than in
proportion to the value of his or her property.   Hence,
when the value is ascertained, there can be no fifty per
cent or other sum added thereto as a tax penalty or other-
wise.

But did the board err in sustaining the assessment
·made out and returned by the assessor, in addition to the
list of taxable property made out by the plaintiff?   This
is a question of fact.   The plaintiff admits that he owns
real estate in this state valued at forty thousand dollars;
that he has mortgage securities or credits to the amount
of about thirty-five thousand dollars, and that he owes a
debt to exceed that amount, and, therefore, he claims the
right to off-set this debt against his mortgage credits in
the assessment and valuation of his property.   On the
hearing of the case the plaintiff presented his evidence.
C. W. Barkley, being sworn, says that he is well ac-
quainted with the business of the plaintiff, and knows of
his own knowledge that the plaintiff was on the first day
of March, 1876, indebted in the sum of $37,395.00.   T.
E. Sanders, being sworn, says he is book-keeper for
plaintiff and is well acquainted with his books, and that

his books show he owes a just debt of $37,395.00 to a person who is not in any manner related to him. As appears from the record, the board did not call a single witness, ask a question or make any further investigation in respect to the subject matter before them. Such omission on the part of the board seems inexplicable. If a proper investigation had been made, it would probably have been shown that some person was liable to pay tax, who was not assessed. But this was not done, and all we can do is to decide upon the facts disclosed by the record before us. Section twenty-one of the revenue act of 1869 provides that "in making up the amount of credits which any person is required to list, he will be entitled to deduct from the gross amount the amount of *bona fide* debts owing by him." Now, according to the rule prescribed by this statute, it seems clear, under the evidence, that the plaintiff is entitled to off-set the *bona fide* debts owing by him, against his credits, whatever they shall be; but as the record very clearly shows very great neglect of duty on the part of the commissioners in not properly investigating the matter then before them, the judgment of the district court is reversed, and the case is remanded to the district court with instructions to direct an issue to be formed and take proofs and try and determine to whom the plaintiff's alleged indebtedness was due, the actual amount thereof, and the actual amount of taxable moneys and credits he was possessed of at the time the assessment was made, and render judgment therein according to this opinion.

REVERSED AND REMANDED.