Lynam v. Anderson.

CHRISTOPHER LYNAM, APPELLEE, v. HENRY ANDERSON AND J. T. SMITH, APPELLANTS.

| 9 | 367 |
|---|---|
| 12 | 92 |
| 14 | 385 |
| 15 | 326 |
| 16 | 449 |
| 22 | 153 |
| 23 | 846 |

| 9 | 367 |
|---|---|
| 42 | 463 |

| 9 | 367 |
|---|---|
| 57 | 678 |

| 9 | 367 |
|---|---|
| 61 | 270 |
| 61 | 645 |

1. **Taxes:** HOW LISTED. Lands and lots are required to be listed for taxation in the name of the owner or person liable to pay the tax; but the tax being a lien upon the land, a failure to do so will not render the tax void.

2. ———: ASSESSMENT: DESCRIPTION.. Where a block was numbered " 31 " in Ashland, and it appeared that a block in an addition to the town was numbered " 31," *Held*, no uncertainty of description; the block in the addition being designated by the name of the addition.

3. ———: ———: OATH OF ASSESSOR. A substantial compliance with the law requiring the assessor to take and subscribe an oath, to be attached to the assessment roll, is jurisdictional, and the county commissioners have no authority to levy a tax without such oath having been made and filed. *Morrill v. Taylor*, 6 Neb., 245, adhered to.

4. ———: ———: ———. The object of the oath is: *first*, as a means of identifying the assessment roll: *second*, as evidence that the assessor has faithfully and efficiently performed his duty and to prevent favoritism and partiality. [Per MAXWELL, CH. J.]

5. ———: ———. The failure of the assessor to require those listing property to swear to the lists is a mere irregularity, and does not render the assessment void. It is his duty, however, to require such oath, and it should be administered to every one listing property.

6. ———: ———: LIST OF TAX PAYER. The list of property furnished by a tax-payer is not conclusive upon the assessor. If he has evidence sufficient of the existence of other property he may, upon notice, add it to the list. *Jones v. Commissioners*, 5 Neb., 561, adhered to.

7. ———: COLLECTION OF TAXES. Under sec. 50 of the revenue law, Gen. Stat., 916, it is the duty of the county treasurer to collect the amount due for taxes upon real estate from the person to whom the same was assessed, if sufficient personal property can be found in the county.

8. ———: ASSESSMENT: REDEMPTION. Where an assessor entered certain real estate as " unknown," the same being im-

proved and occupied at the time of the assessment, and no effort having been made apparently to ascertain the name of the owner, he having an abundance of personal property in the county to pay the taxes, *Held*, that the owner was entitled to redeem from a tax sale upon payment of the amount of the taxes and 12 per cent interest.

9. ——: TAX SALE: REDEMPTION. L. filed a petition in the district court to have certain taxes declared null and void, which were held valid. *Held*, that to avoid a multiplicity of suits he would be permitted to redeem upon payment of the taxes with 12 per cent interest and costs, or, in case of his failure to do so for thirty days, that the premises be sold to satisfy. the amount due.

APPEAL from Saunders county. Tried there before POST, J., and judgment for plaintiff. The opinion states the case.

*E. Wakeley*, for defendants—appellants.

1. If the description is such as to apprise the owner and persons proposing to bid of the exact locality intended it is sufficient. Cooley on Taxation, 282, *et seq.*

NOTE.—The fact that the list of taxable property is sworn to by the owner will not justify the assessor in neglecting to assess property which he knows has been omitted. *Roe v. St. John*, 7 Neb., 139. And see *Jones v. Seward County*, 5 Neb., 561. *Morrill v. Taylor*, 6 Id., 236.—By act of 1877, Laws 1877, p. 43, section 50 of the revenue law was amended by leaving out the provision requiring the county treasurer to levy on personal property for the satisfaction of taxes due on real estate. And same provision re-enacted. Laws, 1879, p. 311.—The county treasurer has no authority to distrain personal property belonging to the estate of a decedent for taxes due from deceased in his lifetime. *Hedman v. Anderson*, 8 Neb., 185.—See as to void tax sale and jurisdiction of the court in forelosing lien of tax purchaser, *Pettit v. Black*, 8 Neb., 52.—A purchaser of real estate at foreclosure sale cannot enjoin the execution of a tax deed about to be made in pursuance of a sale for taxes made prior to plaintiff's purchase on the sole ground that the mortgagors " were possessed of personal property sufficient to pay the taxes due on said land." *Iler v. Colson*, 8 Neb., 331.—REP.

*Talman .v. White,* 2 N. Y., 66.    *Lafferty v. Byers,* 5
Ohio, 458.    *Blakeley v. Bestor,* 13 Ill., 708.    *Dunn v.
Ralyea,* 6 Watts & Serg., 475.    *Stewart v. Schoenfelt,* 13
Serg. & Rawle, 360.    *Williston v. Colket,* 9 Penn. St., 38.
*Dunden v. Snodgrass,* 18 Id., 151.    *Miller v. Hale,* 26
Id., 432.    *Woodside v. Wilson,* 32 Id., 52.    *Glass v. Gil-
bert,* 58 Id., 260.    *Mecklem v. Blake,* 19 Wis., 397.
*Patten v. Green,* 13 Cal., 325.

2.    Was the failure of the assessor to require the
oath of person assessed to swear to his list such a vio-
lation of duty or departure from the statutory require-
ment as rendered the assessment null and void?    Was
it fundamental and jurisdictional? or was it only an
irregularity?    I submit that clearly it was the latter.
If it was it did not invalidate the assessment or sale.
Sec. 6, act June 6, 1871, p. 936, Gen. Stat.    Clinton
School District Appeal, 56 Penn. St., 315.    *Jones v.
Sumner,* 27 Ind., 510.    *R. R. Co. v. Black,* 32 Ind.,
468.    *Mills v. Gleason,* 11 Wis., 470.    *Mills v. Johnson,*
17 Wis., 598.    *Warden v. Superintendent,* 14 Wis., 618.
*Exc. Bank v. Hines,* 3 Ohio St., 1, 35.    *Machlot v. Dav-
enport,* 17 Iowa, 379.    *K. P. R. Co. v. Russell,* 8 Kan.,
558.    *Gulf R. Co. v. Morris,* 7 Kan., 210.    *Smith v.
Leavenworth Co.,* 9 Id., 296.    *City of Lawrence v. Kil-
lam,* 11 Kan., 499.    *Dunham v. Chicago,* 55 Ill., 357.
*State v. Platt,* 4 Zab., 108.    *Ins. Co. v. Yard,* 17 Penn.
St., 331.

*T. B. Wilson* and *M. H. Sessions,* for appellee.

1.    The plaintiff and his grantor both have a large
amount of personal property in Saunders county, open
and notorious, from which the taxes could have been
made.    This of itself is sufficient to avoid the sales.
*Johnson v. Hahn,* 4 Neb., 139.

2.    The description of the property is not sufficient.

There are two blocks 31 in the town of Ashland, in
Ashland precinct.   In which of those blocks does the
land lie ?   From the assessment roll you cannot tell.
G. S., 898, §§ 6, 24.   *Curtis v. Supervisor*, 22 Wis., 167.
*Orton v. Noonan*, 23 Wis., 102.   *Dike v Lewis*, 4 Denio,
237.   *Lessee v. Dibble*, 10 Ohio, 433.   *Tallman v. White*,
2 N. Y., 66.

This court has held in the case of *Morrill v. Taylor*,
6 Neb., 236, that the oath of the assessor attached to
the assessment roll is an essential pre-requisite to the
exercise of any power or proceeding in the taxation of
property.   If that is absolutely essential to give any
validity to the assessment, there can be no reason as-
signed for the same that does not apply with equal
force for the oath of the person giving the list to be
attached to the same.   The language of the statute is
that "the list shall be signed and sworn to by the per-
son making it."   Clear in its intent, imperative and
mandatory in its terms.   The court cannot, upon any
fair rule of interpretation, hold that the legislature did
not mean and intend just what the language used nat-
urally imports.   There is nothing left for judicial con-
struction in the language used, and in our opinion to
attempt it is nothing more nor less than judicial legis-
lation.   In this case the majority of the lists contain-
ing no description of real property, and not even signed,
and not one of them sworn to, and the assessor making
no minute of the names of persons refusing to swear,
or in any manner indicating how he ascertained the
amount and value of the property, renders the assess-
ment void.   An assessment made as directed by law
is an indispensable basis for the support of the tax that
may be levied upon it, and unless the assessment is so
made both the assessment and taxes levied are nulli-
ties.   Cooley on Taxation, 258–59–60.   *Thurston v.
Little*, 3 Mass., 429.   *People v. Hastings*, 29 Cal., 452.

*Moss v. Shear*, 25 Cal., 46. *Marsh v. Supervisors*, 42 Wis., 502. *Matter of Cameron*, 50 N. Y., 502. *Westfall v. Preston*, 49 N. Y., 349.

MAXWELL, CH. J.

On the eighteenth day of April, 1878, the plaintiff commenced an action in the district court of Saunders county, against the defendant, to have certain taxes upon "Twenty feet off the west side of lot 2, in block 31, in that part of Ashland formerly called Flora City," declared null and void, and to have the county treasurer, Anderson, enjoined from executing a tax deed to Smith under a sale of said premises for said taxes. On the trial of the cause the court found "that the assessments and levies of taxes for the years 1875 and 1876 upon the above described lot are illegal and absolutely null and void, and that the county treasurer's certificates of tax sales  *  *  issued to J. Towner Smith  *  *  for the taxes upon the same for the years 1875 and 1876 are a cloud upon plaintiff's title," etc. A perpetual injunction was granted restraining the execution of a deed. The defendants appeal to this court.

The petition attacks the regularity of the proceedings for the years 1873, 1874, 1875, and 1876. But as the premises were sold only for the taxes of 1875 and 1876, no question is raised as to the other years.

The allegations of the petition as to error in the proceedings for the years 1875 and 1876 are substantially alike, and are in substance as follows:

*First.* That the premises were not assessed as required by law.

*Second.* That the premises were not placed on the assessment roll, nor assessed by the assessor; but the assessor did pretend to place a description of said real

estate upon a paper, but said paper did not purport to be an assessment roll, nor have attached thereto any oath of the officer or person who purports to have made the assessment, certified by the proper officer, as required by section 12, of chapter 66, of the General Statutes.

*Third.*    The premises were not described as required by the statute.

*Fourth.*    The list was not sworn to as required by section 8, chapter 66, of the General Statutes.

*Fifth.*    That the paper purporting to be an assessment roll was not returned to the office of the county clerk on or before the second Monday of April, as required by law.

*Sixth.*    That the plaintiff had a sufficient amount of personal property in Saunders county out of which said taxes could have been collected.

The assessment of said premises for the year 1875 is as follows:

"Return of lots in the town of Ashland, in Ashland precinct, Saunders county, Nebraska, as assessed for the year 1875:

| NAMES OF OWNERS | LOT | BLOCK | VALUE | REMARKS |
|---|---|---|---|---|
| Unknown 20 ft. W. S. | 2 | 31 | 500 00 | " |

For 1876 the assessment is as follows:

"Return of lots in the town of Ashland, in Ashland precinct, Saunders county, Nebraska, as assessed for the year 1876:

Lynam v. Anderson.

" FLORA CITY.

| NAMES OF OWNERS | LOT | BLOCK | VALUE | RATE | AM'T OF TAX |
|---|---|---|---|---|---|
| | | | | 2 m | |
| Unknown W. 2 | 2 | 31 | 500 00 | | 2.50" |

Section 24 of the revenue law (Gen. Stat., 905) provides that on or before the second Monday of April, annually, the several precinct assessors shall make out and deliver to the county clerk an assessment roll consisting of the following items, to-wit:

*First.* A list of the taxable lands in such precinct, etc.

*Second.* A list of all the town lots in each town or city in each precinct, in like numerical order, with the valuation of each lot or part of lot, and the name of the person listing the same opposite, with the column of values footed up, substantially in the following form:

"Return of lots in the city (or town) of ........., in ......... precinct, ......... county, Nebraska, for the year 18...:

| BLOCK | LOT | VALUE | OWNER |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | " |

Section 6 provides that "the list of each person shall contain, *First,* His lands by township, range, and sec-

tion, and any subdivision or part of a section lying in the county in which the list is required; and when such parcel of land is not a congressional division or subdivision, it shall be listed in some mode sufficient to identify it. * * Town lots, naming the town in which they are situated, and their proper description by number and block, or otherwise according to the system of numbering in the town," etc.

The particular objection to the description in this case is the uncertainty as to the block, it being claimed that two or more blocks in Ashland are numbered "31." It appears from the bill of exceptions that the towns formerly known as "Flora City" and "Saline Ford," were united prior to the year 1875, and now constitute the town of Ashland. And it also appears that block 31 of Flora City corresponds with block 31 of Ashland: There is therefore no uncertainty as to the number of the block. Block 31 in Miller & Clark's *addition* to the town of Ashland must be so designated, and could not possibly be mistaken for a block in Ashland proper.

It is further objected that there is no dollar mark to the figures showing the valuation, and that therefore the assessment is void. Such has been the holding in California, and perhaps some other states. The "500" in the assessment represents value; there is no issue made in the pleadings as to the exact amount it represents. When an issue of this kind is made it must be determined in the same manner as other questions of fact. In the absence of any issue or determination as to that question, it will be presumed in a case of this kind, where the testimony shows the property to be of considerable value, that the "500" represents dollars instead of fractional parts thereof. Indeed, that may be said to be the presumption in all cases where the *aggregate* value of real estate is given.

The second ground upon which relief is sought is in substance that the oath of the assessor was not attached to the assessment roll. In *Morrill v. Taylor*, 6 Neb., 245, the court say: "A substantial compliance with the requirements of the statute prescribing the oath to be taken and subscribed by the assessor is an essential pre-requisite—a jurisdictional fact that must exist before the board of commissioners can exercise any power in the taxation of property, and that without such oath there is in law no assessment." We adhere to this doctrine. As was said in that case, "the assessment is the official estimate of the value of property subject to taxation, and constitutes the basis of apportionment." The object of requiring the affidavit is: *First.* As a means of identifying the assessment roll as an official act of the assessor executed in conformity to law. *Second.* To prevent favoritism and partiality, by requiring each assessor to swear that he has "diligently endeavored to ascertain the true amount and value of the property of each tax-payer in his precinct; and that he verily believes that the full value thereof is set forth in his returns; and that he has not knowingly omitted to demand of any person of whom he was required to make it, a statement of the amount and value of his property which he was required by law to list; nor had he connived at any violation or evasion of any of the requirements of the law in relation to the assessment of property for taxation." This oath should be attached to the assessment roll, and in this instance appears to have been so attached. But whether actually attached or not, if actually made at the proper time and filed with the assessment roll as a part thereof, the mere fact that it was not attached thereto will not of itself invalidate the assessment.

The third ground of objection—that the premises were not described as required by the statute, is not well

taken.   It is clearly shown that there is but one block 31 in Ashland proper.   The mode of describing the premises is not so satisfactory, but it does not appear to have misled the plaintiff, who claims that the tax is a cloud on his title to the premises.

The fourth ground of objection is that the lists were not sworn to by the persons listing property as required by section 8, of chap. 66, Gen. Stat., 898.    This is conceded.   Does this failure invalidate the entire assessment?   No case has been cited sustaining this ground, and we think none can be found which does so. The object of the oath is to appeal to the conscience of the person making the list, and thus if possible, prevent him from concealing from the assessor property, credits, or money.   It is merely a means to enable the assessor to arrive at the truth of the statements contained in the list.   It is not conclusive upon him.   If he has evidence sufficient to satisfy him that the person listing has other property, credits, or money justly taxable in that precinct, which he conceals, he may, upon due notice to such person, add the same to the list of property already in his hands.   *Jones v. Commissioners*, 5 Neb., 561.   And it is his duty to assess all the taxable property in his precinct.   And this duty he cannot evade without a deliberate violation of his oath. The law requires all taxable property, personal and real, to be listed and valued each year at its actual value at the place of listing.   The list of each person is required to contain, "first, his lands and town lots, if in the county where the party listing resides; second, his personal property," etc.   He is then required to swear that he has listed *all the lands, town lots, personal property, money, and credits,* subject by law to taxation and owned by him, or required by law to be listed by him for any other person, or persons, as guardian, husband, parent, trustee, executor, administrator, receiver, ac-

counting officer, partner, agent, or factor, as the case may be, according to the best of his knowledge. This oath should be administered in all cases. Indeed it is difficult to perceive how an assessor can reach all the property in his precinct without the administration of such an oath. Real estate is to be listed, although the statute makes taxes a lien upon it from the first day of March of the current year. The object of this provision doubtless is to enable the county treasurer to collect the taxes due thereon from personal property, as required by section .50 of the revenue law. Gen. Stat., 916. This provision, although intended primarily for the benefit of the land owner, is also intended to furnish a speedy and convenient mode for the collection of the revenue. But where an assessor complies substantially with the statute in the performance of his duties, a mere error of judgment or irregularity in the mode of making the assessment will not render the proceedings void. This being the case, the failure of parties listing to swear to the lists is not jurisdictional, and does not render the assessment void.

The fifth ground of objection is not sustained by the record.

The sixth ground of objection is that the plaintiff had sufficient personal property in the county of Saunders, out of which the taxes in question could have been collected.

In Pennsylvania lands are classified as seated or unseated, the tax on seated lands being a personal charge, while on unseated lands alone, until recently, taxes were declared a lien, to be enforced by a sale of the land. In a number of the states lands are classified as resident or non-resident, according to their condition, and as a means of designating whether they were improved or unimproved. These requirements are said to be imperative, the reason being that in some of the

states at least the tax upon non-resident lands is a tax on the land itself, while in case of improved lands it is simply a charge upon the person and goods of the delinquent. This distinction will perhaps explain a very large number of cases where it has been held that if the property was not listed in the name of the owner or person liable for the tax, the assessment was void. In· this state, taxes being a lien upon the land itself, and the land being the ultimate fund out of which they are to be paid, in case they cannot be collected out of the personal property of the owner, these decisions do not apply.

Section 69 of the revenue law (Gen. Stat., 924) provides that "the sale of lands for taxes shall not be deemed invalid on account of such lands having been listed or charged on the duplicate in any other name than that of the rightful owner." In this case the premises in dispute were marked on the assessment roll as "unknown." No attempt appears to have been made by the assessor to ascertain the name of the owner. A store building, occupied by the owner and containing boots and shoes, was situated on the lot in question, at the time of the assessment in 1875. In August 1875, McMillan, the owner, sold one half of the premises to the plaintiff, who afterwards, and before the assessment was made in 1876, purchased the entire interest of McMillan therein. It is also clearly shown that the plaintiff possessed an abundance of personal property out of which to collect the taxes due upon the premises.

Under these circumstances, can the assessor, by failing or refusing to perform his duty in listing real estate in the name of the proper party, defeat the right of such party to pay his taxes upon his real estate out of his personal property? We think not. It is the duty of assessors to list all real estate in the name

of the owner if the name of such owner can be ascertained. This is not a matter of choice, but of duty. Where, under the statute as it existed prior to Sept. 1st, 1879, real property was improved and occupied as in this case, the assessor could not defeat the rights of a tax payer by making an erroneous or false return. If that were so, the home of a party might be sold from under him for taxes, notwithstanding he had an abundance of personal property in the county out of which the taxes could have been collected.

The prayer of the petitioner is to have the taxes in question declared null and void. There is no offer on his part to pay the amount due. It is evident that the taxes are a lien upon the lot in question, and such being the case the rule that "he that seeks equity must do equity" applies with full force. The law does not favor exemptions of property from taxation. All taxable property should bear its fair share of the public burdens, and where it does not, injustice is done to those who are compelled to pay taxes, by having to bear this added burden to their own proportional share of taxation. As was said in *Bellinger v. White*, 5 Neb., 401, he who seeks the interposition of a court of equity to restrain the collection of a tax upon his real estate on account of its alleged illegality, must bring himself clearly within some recognized rule of equity jurisprudence. This the plaintiff has failed to do. But as it is clear from the entire case that the plaintiff is entitled to redeem the premises upon the payment of the amount of taxes paid and interest thereon at 12 per cent, therefore, in order to avoid a multiplicity of suits, the plaintiff has leave to redeem said premises upon paying the amount due and costs to date to the clerk of the court, within thirty days from this time, or in case of his default that said premises be sold by the sheriff of Saunders county to satisfy

the amount so due.   The judgment of the district court is reversed and judgment rendered in this court in conformity with this opinion.

JUDGMENT ACCORDINGLY.