## CITY OF BEATRICE v. WILLIAM W. WRIGHT, COUNTY TREASURER, ET AL.·

FILED DECEMBER 7, 1904. No. 13,529.

1. **Statute: VALIDITY.** The constitutional validity of an act of the legislature is to be tested and determined, not by what has been or possibly may be done under it, but by what the law authorizes to be done under and by virtue of its provisions:

2. **Tax Sale: NOTICE.** No notice is required to be given of a sale of real estate for taxes delinquent for a period of over five years, which is to be sold under the provisions of chapter 76, laws of 1903.

3. ———: ———. The fact that no notice of sale is required other than that contained in the act itself does not render it void as taking property without due process of law.

4. **Tax Sale: NOTICE.** The notice given and required under the proprovisions of the general revenue act, section 193 *et seq.*, article I, chapter 77, Compiled Statutes, 1903 (Annotated Statutes, 10592), for the sale of real estate for delinquent taxes is not a notice of a sale under the special provisions of said chapter 76, laws of 1903.

5. **Lien of Taxes.** Taxes and special assessments levied on real estate under the general revenue laws of this state create no personal liability against the owner for the payment of which a judgment *in personam* can be obtained. It is the property alone which is assessed that can be resorted to and taken in satisfaction of the taxes levied against the same.

6. ———: RELEASE. A release or discharge of the lien of taxes or any portion thereof assessed and levied on real estate operates as a release, discharge and cancelation of such taxes for any and all purposes.

7. **Statute: CONSTITUTIONALITY.** The provisions of the act of the legislature, chapter 76, laws of 1903, examined, considered, and *held* to be in conflict with section 4, article IX of the constitution, which declares that the legislature shall have no power to release or discharge any person or corporation from their or its proportionate share of taxes, nor shall commutation of such taxes be authorized in any form whatever.

47

ORIGINAL suit to enjoin defendant, treasurer of Gage county, from selling certain lands for less than the full amount of the taxes levied against them. *Decree for plaintiff.*

*M. B. Davis,* for plaintiff.

*Griggs, Rinaker & Bibb, contra.*

HOLCOMB, C. J.

This is an original action brought in this court for the purpose of enjoining the defendant, the county treasurer of Gage county, from perfecting an attempted sale of certain lots or parcels of real estate for a small portion only of the delinquent taxes assessed against the same, and from issuing certificates of sale of said real estate to the defendant Bibb, the purchaser, and from canceling the remainder of the taxes assessed against said property, and for other similar relief in order to make the injunction effective. The attempted sale of the real estate by the county treasurer which it is sought to have enjoined was made in pursuance and under the provisions of chapter 76 of the laws of 1903, being "An act to provide for the sale of lots and lands for taxes and assessments delinquent for five years or more and the execution of deeds for the same."

The pleadings consist of the petition, an answer thereto, and a demurrer to the new matter found in the answer. From the pleadings it is made to appear that three certain lots in the city of Beatrice had been assessed for general revenue purposes and for special taxes for local improvements, the whole amount, with interest, aggregating more than $3,300, and which had been due and delinquent for more than five years; that the amount of such delinquent taxes exceeded the assessed valuation of each tract against which assessed, and that the actual value of the premises exceeded the amount of the assess-

ments due and delinquent standing against the same. It further appears that on the first Monday of November, 1903, the treasurer of said county offered each of said lots or parcels of real estate for sale, for the delinquent taxes assessed against the same, to the highest bidder, and that the defendant Bibb bid the sum of $1 on each of said lots, and, no one else bidding, the treasurer declared each of them to be sold to the said defendant; and that the defendant Moschel, the owner of said lots, was present at said sale. The above are the only averments standing admitted by the pleadings which it is deemed necessary to incorporate in this opinion. The recent enactment of the legislature under which these proceedings were had provides, in substance, that, where taxes and assessments on any real estate shall have continued delinquent for a period of five years or more and the total amount thereof shall exceed the value of the property as returned by the assessor, then it shall be the duty of the county treasurer, commencing on the first Monday of November, and continuing from day to day, to offer said property for sale to the highest bidder for cash, and to issue a certificate of sale showing the purchasers to be entitled to a deed at the expiration of two years from the date of sale, provided, the property has not sooner been redeemed by the owner or a lien-holder. Such purchaser, it is declared, shall take the property purchased upon the payment of his bid, discharged of all liens for taxes and assessments delinquent up to date of sale; and the county treasurer shall, upon the sale of such property, cancel all taxes and assessments delinquent thereon at the date of the sale. It is then provided that the owner or any lien-holder may at any time have the right to redeem the property by paying to the county treasurer, for the use and benefit of the purchaser, the amount for which the property has been sold with 20 per cent. interest for a period of two years, if not sooner redeemed, and 10 per cent. thereafter. Provisions are made for the issuance of a deed at the expiration of two years from the date of sale, and the act is declared to

be cumulative and not exclusive in respect to the remedy for the enforcement of liens and the collection of delinquent taxes by the sale of the property or otherwise. Ch. 76, laws, 1903.

The validity of the law, the substance of which has just been given, is challenged on several different grounds, among them being the contention that its provisions are in conflict with section 4, article IX of the constitution; that it is amendatory in character, and, as such, in its passage and enactment there was a failure to comply with the provisions of section 11, article III of the constitution; that no notice is required for the sale of the real estate which is subject to sale under the provisions of the act; and that it operates to deprive the owner of his property without due process of law. Other objections are urged which we find it unnecessary to discuss or determine in the disposition of the case.

1. The principal contention of the plaintiff pertains to the alleged invalidity of the act under which the defendant, the county treasurer, is proceeding because it violates section 4, article IX of the constitution, which declares: "The legislature shall have no power to release or discharge any county, city, township, town, or district whatever, or the inhabitants thereof, or any corporation, or the property therein, from their or its proportionate share of taxes to be levied for state purposes, or due any municipal corporation, nor shall commutation for such taxes be authorized in any form whatever."

In answer to this objection it is insisted by counsel for defendants that the authority sought to be conferred by the act in question in no way conflicts with the provisions quoted; and that the sale of the property for delinquent taxes, as therein provided, and the cancelation of the tax remaining unsatisfied after such sale, do not operate as a release or discharge of such taxes, nor does the payment of a less amount than the taxes due effect a commutation of such taxes within the meaning of the organic law. Preliminary to a discussion of this, the vital question in

the case, it may be well to submit some observations in relation to the scope and effect of the act under consideration, and the proper rule of construction to be invoked in the determination of the question of its alleged conflict with the paramount law. In this connection it is urged by the defendants that the operation and enforcement of the law provides only for a due and orderly sale of real property against which the taxes are delinquent for five years or more for what it will bring in the open market, thus merging the statutory tax lien on the property in the title of the purchaser thereof, and thereby effectuating a release from the unsatisfied taxes, which, it is insisted, is manifestly an exercise of power properly belonging to the legislature and exclusively within its province. It may be stated, we think, that this might possibly be the result of the operation of the law in some instances, but, even if this be true, it would not upon the question of the constitutionality of the law be decisive of the matter. The vital point to be determined is, what is authorized to be done? The constitutional validity of the law is to be tested, not by what possibly has been or may be done under it, but by what can by its authority be done. What does the law authorize to be done under and by virtue of its provisions? This is the test and this is the doctrine to be applied in reaching a conclusion of the question of its validity. *Stuart v. Palmer*, 74 N. Y. 183; *Thomas v. Gain*, 35 Mich. 155; *Davidson v. New Orleans*, 96 U. S. 97; *County of San Mateo v. Southern P. R. Co.*, 13 Fed. 722; *Brown v. City of Denver*, 7 Colo. 305, 3 Pac. 455.

If the act, the validity of which is challenged, authorizes a method of procedure which in its workings results inevitably in the release of taxes and assessments justly due and for which the property is legally liable, or if in its enforcement it authorizes essentially and in substance a commutation of the taxes assessed against the real estate sold, this, under the doctrine of the authorities cited, brings it in conflict with the fundamental law, and its enactment must be held as being in excess of legislative power.

2. It is argued by the plaintiff that the law is invalid for that no notice of the proposed sale of real estate under the provisions of the act is required, and that none had been given before the sale of the lots complained of was made by the county treasurer, and therefore that he acted without authority. To this a twofold answer is returned by defendant's counsel: First, it is argued that whether or not notice shall be given is wholly discretionary with the legislature, the statute itself providing for a sale on the first Monday of November of all real property on which taxes are delinquent for over five years, and which, with interest, equal the assessed value of the property to be sold, is in itself sufficient notice, and that every property holder is charged with knowledge of these provisions, is bound to know whether the taxes have been paid, and that no other or different notice is required. For the purposes of this case it may be granted that no notice other than that which the law itself gives is required, in so far at least as the question of due process of law is affected. The assessment and levy of the taxes against the property having been made with an opportunity of the lot owner to be heard and for the correction of errors and irregularities, this constitutes the taking of his property for taxes by due process of law and, therefore, no further notice is required than that given by statute of the steps thereafter taken to enforce against the property the collection of the taxes or the sale thereof in satisfaction of the same. It is, however, urged, in the second place, that public notice was in fact given. This contention is predicated on the idea that lands subject to sale under the provisions of chapter 76, laws, 1903, for delinquent taxes, are necessarily included and advertised for sale with all other lands in the published notice required by the general revenue act to be given by the county treasurer, for the sale of all lands on which taxes are due and delinquent for one or more of the years previous to the time of giving such notice. To this view of the matter we cannot give our consent. The notice required to be given under the

general revenue law of the sale of all lands and lots for delinquent taxes, as provided by that act, is not a notice that any real estate will be sold under the provisions of chapter 76, the act under consideration. In fact, the notice given of the sale of lands generally for delinquent taxes negatives the idea that the real estate thus advertised will be sold under the authority conferred or sought to be conferred by the act, the authority of which is challenged in the case at bar. The general notice referred to is required to be given under the provisions of section 193 *et seq.*, article I, chapter 77, Compiled Statutes, 1903 (Annotated Statutes, 10592). The notice therein contemplated, and the notice actually given, is that the real estate against which the taxes are assessed and remain delinquent, or as much thereof as may be necessary, will be sold to satisfy not a part but all of the taxes, interest and costs, and that all lands and lots remaining unsold at the close of the public sale will be sold at private sale, as by law provided, and that, at the private sale thus contemplated, the land will be sold only to a person who will pay the amount of all taxes, interest, penalty and costs. In other words, the notice provides that real estate will be sold at public or private sale to those only who will bid the full amount of all taxes, interest and costs charged against the same. It is obvious that, under the notice thus given and the provisions of the general law referred to, the sale of real estate for delinquent taxes can be effectuated only by a payment of the full amount, including interest and costs, properly chargeable against the same. Instead, then, of the general notice serving to notify prospective buyers and the public generally that the real estate described will be sold, under the provisions of chapter 76, for whatever it may bring, whether more or less than the taxes due, on competitive bidding at a public sale, it provides just the contrary. The notice given in connection with the sale of lands. under the general revenue law is specific on the point that the real estate, or such part as is necessary, will be sold for enough to pay

the full amount charged against the same, and, if not so sold, will be offered at private sale for a like amount—no more nor less. The provisions of the general revenue act for a sale of real estate for delinquent taxes is so different and inconsistent with the special provisions contained in chapter 76 that a notice of sale under the former conveys no information, direct or remote, of a contemplated sale under the provisions of the latter act. It is therefore apparent that, in dealing with the questions · presented in the case at bar, the act must be treated as though no notice was given or required other than that contained in the act itself.

3. In the determination of the validity of this act and in construing its provisions and their relation to the fundamental law, we should bear in mind that under the laws of this state, as heretofore construed by this court, a tax, general or special, on real estate creates no personal liability or for the payment of which a judgment *in personam* could be obtained. The real property thus assessed is the only property that can be resorted to and taken in satisfaction of the taxes levied against the same. *Grant v. Bartholomew,* 57 Neb. 673; *Lynam v. Anderson,* 9 Neb. 367. It must follow, therefore, as a logical deduction from what has been said and these authorities that the legislative enactment, authorizing a release and discharge of the lien of taxes or any portion thereof assessed and levied on real estate, operates as a release, discharge and cancelation of such taxes for any and all purposes, and precludes the possibility of their satisfaction or collection by any other means, after the real estate against which the taxes are assessed is released from further payment. If, after a sale of real estate, in pursuance of the authority given by chapter 76, for any sum which may be bid therefor, the remaining portion of the tax assessed and levied against such property is canceled as to such real estate, it is canceled and satisfied altogether, and exists no longer as a liability against the property or the person of the owner or tax debtor.

4. We now reach the vital point in the controversy, and that is, does the enforcement of the provisions of the act under consideration operate to release and discharge taxes duly levied and assessed against real estate sold under its authority, or does it authorize such to be done, or the commutation thereof contrary to the constitutional restrictions on the power of the legislature?   In the case at bar, real estate aggregating in value over $3,000 is sold for but $3, and taxes to the amount of over $3,000 are to be satisfied and canceled by the payment of that sum.  The owner under this law, if it be a valid one, may, on the day succeeding the sale, redeem his property of the value mentioned by the payment of the $3 and the costs incidental to the sale and 20 per cent. interest on the purchase price for 24 hours, and thereby secure the release and cancelation of the aggregate amount of the taxes, as above stated, justly chargeable against the same.   What the law provides for and what is authorized to be done under its provisions have a most vivid illustration in the concrete facts in the case at bar.   That its provisions are mischievous and pernicious in the extreme, when we contemplate its practical workings, can hardly be doubted.   This of itself, of course, does not warrant us in declaring the act invalid.   The legislature possesses unlimited power, except as defined and limited by the organic law, and unless this act contravenes some of its provisions, the court cannot condemn it as invalid, be it fraught with consequences ever so mischievous.   To uphold the validity of the act, it is argued by counsel for the defendants, if we understand them aright, that it is within the undoubted power of the legislature to authorize the sale of real estate for delinquent taxes for what it is worth in the open market or at public sale, even though the amount thus obtained be less than the amount of taxes due, and that the cancelation of the unsatisfied portion of the taxes after the sale thus had, or the extinguishment of the tax lien by a sale as thus made, would in nowise violate the section of the constitution heretofore quoted.   We readily agree to the

correctness of the proposition. It is hardly to be doubted that, where real estate which for any reason has charged against it taxes in an amount greater than its value, it may be sold for such a sum as may be realized by a public sale upon notice inviting competitive bidding, under reasonable provisions calculated to bring about a fair sale, and, if the tax is not fully satisfied thereby, the cancelation and discharge of the remaining portion as a lien or an apparent lien on the property sold would violate no provision of the fundamental law. To say that such property cannot be sold for what it is worth in the markets, even though for a less sum than the assessments against it, is to defeat the very objects of taxation and lead to results the constitution itself sought to avoid. Unless the property can be sold for its market value, the result would be to exempt the property from all taxation for all time. This, of course, is an absurd result, and any construction leading thereto would be clearly inadmissible. The provisions of chapter 75, laws, 1903, an act which contemplates the accomplishment of substantially the same objects as the one under consideration, make provision for the sale of all such real estate, even though for less than the taxes charged against the same; and the validity of such legislation has very recently been upheld in this court. *Woodrough v. Douglas County*, 71 Neb. 354. Statutory provisions are sometimes found in general revenue acts, whereby county commissioners are empowered, when it is found, as is rarely the case, that the amount of taxes on a parcel of real estate exceeds its market value, to authorize the sale of the same for what may be found to be its fair value and what it will bring at public sale, and to cancel and discharge the portion of the tax remaining unsatisfied after such a sale. It probably would not be seriously contended that such provisions are in conflict with the fundamental law, or that they are not altogether in harmony therewith. Laws of the character referred to but serve to indicate the scope of legislative enactments, which may undoubtedly be passed without

trespassing upon constitutional provisions inhibiting legislation which operates as a release and discharge or commutaton of taxes. Reference to the act in question discloses that no judicial sale is contemplated. No method is pointed out for the ascertainment of the worth or market value of the property about to be sold, nor for preventing a sale for a mere nominal sum and regardless of its actual value. No notice of the sale is required to be given, and therefore none can be demanded as of right, either by the property owner, or by the public for whose benefit the taxes are levied, or by prospective bidders. No public sale even is required. No competitive bidding is invited. A sale is authorized, not publicly nor at public outcry, not in the open, but in the seclusion of the office of the treasurer, and for a mere pittance, wholly regardless of the value of the property to be sold, upon an offer by those who may voluntarily present themselves at the office and make a bid thereon. To all intents and practical purposes, real estate sold under the provisions of this act is authorized to be sold at private sale, and for any sum for which a bid may be received. The act does not provide for the sale of real estate for what it is worth, or what it will bring when exposed in the market, publicly and in open competition by those ready and willing to make such an investment. It is an invitation of the most pronounced kind to covinous transactions, inevitably resulting in the release of the property from just burdens of taxation by a sale thereof in form only. By such a sale the property is not exhausted for the satisfaction of the tax lien, nor sold for what it is worth in the markets. The act authorizes, in the strictest sense, a commutation of the taxes by the tax debtor. A friendly purchaser may obtain the land for but a fractional part of its actual value and of the amount of taxes chargeable against the same, whereupon the owner may, if the act be valid, pay to the treasurer the amount thus bid and be released and discharged of the remainder of the taxes due; and thus, by the payment of but a few dollars, which is received and

accepted in lieu of the larger sum, the entire tax is satis-
fied and canceled. The case at bar is analogous to and in
principle controlled by the case of *State v. Graham*, 17
Neb. 43. In that case it is held:

"Under the constitution of this state requiring all taxes
to be levied upon property so that each person shall pay
his just proportion of the same, and prohibiting the legis
lature from releasing any of such taxes or commuting the
same in any manner whatever, the legislature has no
power whatever to authorize county commissioners to
sell and assign certificates of tax sales of real estate pur-
chased by the county for less than the amount of taxes
due thereon, where the property if sold will bring the full
amount of such taxes."

There, the county purchased real estate for delinquent
taxes, and was authorized by the act then being considered
to sell and assign such certificates of sale for not less than
50 per cent. of the amount thereof. This, it was held, con-
travened the provisions of the fundamental law. In this
case authority is given to sell real estate for delinquent
taxes for much less than 50 per cent. of the amount of
the taxes, in fact, for any sum that may be bid, and for
the owner to redeem by the payment of the sum bid, with
the interest added, and thus effectuate a release and dis-
charge of all the remaining portion of the taxes assessed
against such property. In the former case, neither the
owner nor the property was released of any portion of the
taxes. All the act, in the case cited, sought to accomplish
was to authorize an assignment of the tax sale certificates
for not less than 50 per cent. of the face value. The act
now under consideration authorizes the extinguishment
of the entire tax upon the payment of a nominal sum.

In the last analysis, the owner of real estate upon which
taxes are delinquent for five years or more is permitted
to enjoy the advantage and benefit of a commutation and
discharge of such taxes by paying to the treasurer, when
the property is sold as in the act contemplated for the
benefit of the purchaser, the amount of the bid, with in-

City of Beatrice v. Wright.

terest, nothwithstanding the property was worth in the
market far more than the amount of such bid, and that
such bid was only for a fractional part of the amount of
the taxes chargeable against such property.  The inevi-
table result is the releasing of property from taxes which
are justly chargeable against it, and to permit the owner
to commute the taxes, as thus assessed, by the payment of
a less sum than that which is due to those for whose bene-
fit they were levied.  A statute inevitably leading to, and
authorizing the accomplishment of, such results is in con-
travention of the section of the constitution heretofore
quoted, and, for that reason, its enactment must be held
to be of no force and effect.  We are constrained, there-
fore, to hold that the act is invalid and unenforceable, and
that the injunction prayed for ought to be granted and
made perpetual, which is accordingly done.

JUDGMENT ACCORDINGLY.

SEDGWICK, J., concurring.

Chapter 76 of the laws of 1903 seems clearly to be un-
constitutional.  Following its provisions, the owner of
real estate of the value of $3,000, upon which he has al-
lowed the taxes to accumulate from year to year to the
amount of the full value of the land, is able to procure
the release and discharge of all of these taxes by the pay-
ment of $3, and the costs of sale.  This result seems to
be contemplated by the statute, and it certainly violates
section 4, article IX of the constitution.  There is no re-
quirement that the property upon the sale must bring its
market or salable value, and no provisions that seem in-
tended to bring about such a result.  This is sufficient
reason for holding the act invalid, and for the judgment
entered in this case.

2. The legislature of 1903 enacted a general revenue
law, which is chapter 73 of the laws of that year.  The
legislature added several other provisions on the same

general subject; chapters 74, 75 and 76 are of that nature. If this chapter 76 were a valid act, it would, of course, be construed together with the other chapters upon this subject enacted at the same time. The acts so construed would provide for and define two classes of sale of land for delinquent taxes. One class would embrace all lands upon which the taxes had been delinquent for more than five years and exceeded in amount the value of the property. The other class would embrace all other lands upon which there were delinquent taxes. The provisions for notice of the sale of land for delinquent taxes are to be found in chapter 73. Section 194 of that chapter provides that a notice shall be published which shall describe the lands "as the same are described on the tax list," and stating "that so much of each tract of land or town lot described in said list as may be necessary for that purpose will, on the first Monday of November next thereafter, be sold by him at public auction at his office for the taxes, interest and costs thereon." Section 199 of chapter 73 provides, among other things, that:

"If no person bid for a less quantity than the whole, the treasurer may sell any tract of land or town lot to any one who will take the whole and pay the taxes and charges thereon." If this section also contained the substance of chapter 76, that is, if there were added to this section a proviso that "In all cases where the taxes and assessments upon any real estate appearing upon the tax list of any county shall have continued delinquent for a period of five (5) years or more for county, state, or other purposes, and where the total amount of delinquent taxes and assessments upon any real estate shall exceed the value of said property," the land might be sold for less than the amount of the taxes due thereon, the application of section 194 would, of course, be the same as when the provision is expressed, as now, in a separate act. It is thought that the language of the notice prescribed in section 194 is not sufficient to indicate that the sale will take place in pursuance of all of the provisions of the statute

in force. I do not see why the words, "that so much of each tract of land or town lot described in said list as may be necessary for that purpose," should be thought to indicate that the land would not be sold for less than the whole amount of the taxes charged against it. The property owner is notified that all of the land will be sold if it is necessary in order to pay the taxes delinquent thereon, but there is no statement in the prescribed notice, directly or by implication, that the land will not be sold unless it brings enough to pay all of the taxes charged against it. I am unable to understand the reasoning of the majority opinion upon this point. No doubt, if the land were sold for its full value, such sale would not be a violation of the provision of the constitution in question. All tax liens upon which it was sold would be merged in the title of the purchaser. Chapter 76 does not require the land to be sold for its market value, and makes no provision to that end. Notwithstanding that fact, it allows the owner to redeem from the taxes by paying the amount for which the land sold. This is forbidden by the constitution.