REQUESTED BY: Senator Arlene Nelson Nebraska State Legislature
LB 890, Ninetieth Legislature, Second Session, with specific reference to the Standing Committee amendments thereto as stated in the Legislative Journal on pages 665-670 (February 3, 1988). In connection therewith three (3) questions are asked:
 1. Is it constitutional for the Legislature to delegate to the Coordinating Commission for Postsecondary Education or to the Education Committee the authority to develop a comprehensive plan for nursing education, which includes the nursing education programs of the University of Nebraska?
 2. Does such a grant of authority contradict the decision of the Nebraska Supreme court in Board of Regents v. Exon, 199 Neb. 146, 256 N.W.2d 146
(1977)?
 3. If the Legislature may delegate authority to the Coordinating Commission for Postsecondary Education or the Education Committee to develop a comprehensive Plan for nursing education, including the nursing education programs of the University of Nebraska, would the Board of Regents be required to implement such plan as it relates to the nursing education programs of the University of Nebraska?
If LB 890, as amended on February 3, 1988, became operative law, the University of Nebraska, the technical community college areas, the state colleges, the Nebraska Coordinating Commission for Postsecondary Education (hereinafter, NCCPE) and the Department of Health would be required to establish a joint advisory committee to ensure coordinated program development and delivery in nursing education and the allied health professions. This joint advisory committee would be charged with a duty to submit a comprehensive plan for nursing education to the NCCPE by November 30, 1988. The plan, as stated in section 3(2) of LB 890, as amended,
Shall include, but not be limited to (a) the identification of current and future nursing personnel needs and nursing education needs, (b) the identification of all necessary existing nursing programs and those nursing programs which may need to be added over the next five years, (c) the identification of procedures to articulate nursing programs and an identification of those existing nursing programs which are currently articulated and (d) the identification of procedures and standards which will ensure that qualified faculty are employed and that adequate clinical facilities exist which will promote the maintenance or attainment of fully articulated programs.
NCCPE, pursuant to LB 890, as amended, is granted the power to review the plan and to "make any changes it deems appropriate" and thereafter it is required to forward the plan to the Education Committee of the Nebraska Legislature by not later than February 1, 1989. The Education Committee, at its discretion, may require a hearing on the plan. If no hearing is held before April 15, 1989, the plan shall be deemed operational. The questions stated above are discussed in the order stated.
A STATUTE REPOSING, IN EFFECT, AN ABSOLUTE UNREGULATED AND UNDEFINED DISCRETION IN AN ADMINISTRATIVE BODY, BESTOWS ARBITRARY POWERS AND UNLAWFULLY DELEGATES LEGISLATIVE POWER.
It is well settled law that the constitutionality of a statute is to be tested, not by what has been done or may be done under it, but what the law authorizes to be done under its provisions. City of Beatrice v. Wright, 72 Neb. 689,101 N.W. 1039 (1904); Anderson v. Carlson, 171 Neb. 741,107 N.W.2d 535 (1961). It is also well settled law that the Legislature, in creating an administrative body, cannot delegate power which is conferred solely upon the Legislature. Smithberger v. Banning, 129 Neb. 651, 262 N.W. 492 (1935); Terry Carpenter, Inc. v. Nebraska Liquor Control Commission,175 Neb. 26, 120 N.W.2d 374 (1963). Here, LB 890, as amended, creates a joint advisory committee which is charged with a duty to submit a comprehensive plan for nursing education to the NCCPE which is granted the power to "make any changes" in the plan "it deems appropriate" without any designated limitations and the duty to forward it to the Education Committee of the Nebraska Legislature on or before a day certain who in turn may hold a hearing thereon but if it does not hold a hearing, the plan, as forwarded by the NCCPE, becomes operative law. In our opinion, the unregulated and undefined discretion granted to the NCCPE to "make any changes" in the plan "it deems appropriate" is an impermissible delegation of legislative power reserved to the Legislature and consequently LB 890, as amended, violates Article II, section 1, of the Constitution of Nebraska.
THE GENERAL GOVERNMENT OF THE UNIVERSITY OF NEBRASKA VESTS IN THE BOARD OF REGENTS AND CANNOT BE DELEGATED.
Pursuant to Article VII, section 10, of the Constitution of Nebraska, the voting members of the Board of Regents are elected by the people. In Board of Regents v. Exon,199 Neb. 146, 256 N.W.2d 330 (1977), the Nebraska Supreme Court stated that the purpose of the constitutional provision cited "was to remove the University from the plenary control of the Legislature and establish the Board of Regents as an independent body charged with the power and responsibility to manage and operate the University as free from political influence and control as possible." 199 Neb. at 148.
As noted above, LB 890, as amended, authorizes a joint committee to prepare a comprehensive plan for nursing education and the NCCPE, whose members are not elected by the people, is granted the power to "make any changes" in the plan "it deems appropriate." As a result, the NCCPE could, pursuant to LB 890, as amended, dictate to the Board of Regents a comprehensive plan for nursing education at the University of Nebraska and how it was to be managed and operated. In our opinion, that grant of power to NCCPE violates Article VII, section 10, of the Constitution of Nebraska. The general government of the University of Nebraska vests in the Board of Regents and cannot be delegated.
In our opinion, LB 890, as amended, is unconstitutional for the reasons stated above. It is therefore unnecessary to consider your third and last question.
Respectfully submitted,
ROBERT M. SPIRE Attorney General
Harold Mosher Assistant Attorney General