## J. C. KNIGHT ET AL. V. E. E. FINNEY.

FILED NOVEMBER 9, 1899. No. 9,033.

1. **Appeal from County Court: TRIAL IN DISTRICT COURT: CONFLICTING RULINGS OF JUDGES: REVIEW.** Judgment in an action in the county court upon a promissory note was presented to the district court for review by petition in error, in which there were two assignments, one of which raised the question of the sufficiency of the pleadings for the plaintiff in suit to sustain the judgment. In the district of the court to which the cause was removed by petition in error there were several judges of the district court, one of whom heard and sustained the petition in error, reversed the judgment of the county court, and retained the cause for trial in the district court. At a trial of later occurrence another judge presided. The parties had, prior to the trial, stipulated that the trial be upon the pleadings which had been filed in the county court, and the trial so proceeded to verdict for the plaintiff, and a judgment thereon. *Held*, The judgment was not erroneous as a reversal of the ruling of the judge who sustained the petition in error, since another element entered into the consideration which led to the later ruling—that of the evidence.

2. **Note: SUIT BY INDORSEE: DEFENSES: PLEADING: BURDEN OF PROOF.** That for a promissory note in suit by an indorsee there was a lack or want of consideration, the consideration has failed, or that it has been paid prior to its transfer, of any or all of which the indorsee had notice at or prior to the acquirement of title to the paper, or for any other legal reason they exist as equities against the debt of the note in his hands, are defenses, and to be pleaded in the answer for the party defendant, a general denial in the reply to the answer will join the issues, and the burden of proof of such issues is with the defendant.

3. **Pleading and Proof.** Matters pleaded and admitted need no proof.

4. ———: VARIANCE. Variances between allegation and proof which are immaterial or not prejudicial do not call for a reversal of a judgment.

5. Good Faith of Purchaser of Note: EVIDENCE. Objections to testimony examined, and *held* without force.

6. Note: TITLE OF PURCHASER. A purchaser for value of a negotiable note from an innocent holder thereof acquires the title to it free from equities and defenses which existed against it as between the original parties to the paper. See *Koehler v. Dodge*, 31 Nebr., 328.

7. ———: INDORSEMENT: NOTICE OF DEFENSES. A statement in writing which appeared on the back of a negotiable promissory note (it is quoted in the opinion herewith) *held* not to be notice to purchasers of the note of infirmities of the paper, if any existent.

8. ———: GOOD FAITH OF PURCHASER. Evidence *held* sufficient to sustain the verdict.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.    *Affirmed.*

*A. H. Murdock* and *Lane & Murdock,* for plaintiffs in error.

*Thomas & Nolan, contra.*

HARRISON, C. J.

This action was instituted by defendant in error in the county court of Douglas county to recover an amount alleged to be his due as the second indorsee of a promissory note. It was alleged in the petition that the note was executed of date August 1, 1887, due three months after date, and that on or about August 28, 1887, the payee of the note indorsed, sold and delivered it to J. W. Gross, who indorsed, sold and delivered it to the defendant in error. The lack of payment of the note was pleaded, also the amount due, etc. In the answer it was stated that the note in suit had its origin in some real estate transactions to which the plaintiff in error was a party, and as a part of which he executed ten promissory notes in the sum of $30 each, which were, per agreement of the real estate transaction, to accompany the con-

tracts merely to evidence the dates and amounts of pay-
ments to be made in compliance with the terms of the
contracts, and were to have no separate existence or
force; that the $300 note in suit was a renewal of the
ten; that there was no consideration for either the ten
notes or the one declared upon herein, and further, that
the amounts due upon the real estate contracts had been
fully paid; that the note sued upon was not transferred
before its maturity, nor for value, but was fraudulently
put into circulation with a purpose to cheat and defraud
the parties who were sued, and that the defendant in
error had notice of the infirmities of the note, or that it
had been made without consideration, and that the
amount, of which it was a mere memorandum, had been
paid.   It was further pleaded that the real estate con-
tracts and the accompanying notes had been assigned to
the Home Investment Company and which had thereby
succeeded to all the rights of the payee of said contracts
and notes; that the company had agreed to assume all lia-
bilities under the terms and conditions of the contracts
of E. E. Finney, the original party payee therein, and
that the company was the owner of the note in suit when
it was transferred.   The reply was a general denial.   As
the result of a trial in the county court there was judg-
ment for the defendant in error.

It appears that in the county court plaintiffs in error
had moved that the Home Investment Company be made
a party defendant, and the motion had been denied.   An
error proceeding was prosecuted to the district court of
Douglas county, and in the petition it was set forth:

"1. Said county judge erred in overruling defendants'
motion to make the Home Investment Company a party
defendant, for the causes alleged in defendants' answer
and cross-petition filed in said county court.

"2. That there is error, in that the judgment is not sus-
tained by the pleadings and the note sued upon and filed
in said county court, a copy of which is set out in the
transcript filed herewith, for the reasons that plaintiffs,

as defendants in the court below, set out in their answer that said note was a part of a real estate contract, which contract had been paid in full, by virtue of which said note was also paid in full; that said note was without consideration; that said note was fraudulently obtained and put into circulation; that said James H. Kenny was not a *bona fide* holder of said note; that said note bears upon its face notice that it is a part of a real estate contract and without consideration; that said allegations are not denied as required by the rules of pleading, and are admitted and proven by the pleadings and records of this cause."

On hearing in the district court the petition in error was sustained, the judgment reversed, and the cause retained for trial. On the after occurrence of which, without further pleading, there was a verdict and judgment for defendant in error.

In an error proceeding to this court, on behalf of the parties defeated in the district court, it is asserted that the judge who heard the matters presented on error from the county court predicated his decision on the insufficiency of the pleadings for the successful party; that another judge who presided during the trial of the cause allowed the trial to proceed upon the same pleadings, and in rendering judgment assumed the attitude of overruling the prior adjudication; that this was error. From the record it appears that prior to the trial in the district court it was stipulated as follows: "It is agreed that the issues herein may be tried upon the pleadings filed in county court herein." The evidence was received, and with the whole case before him the judge who presided at the trial determined that the pleadings were sufficient to support the judgment. This was not error. The parties had agreed that the cause should be tried on the pleadings which had been transferred from the county court, and, after hearing the evidence and with it elemental of his consideration, the trial judge, if he concluded that on the pleadings, evidence and law ap-

plicable the verdict and accordant judgment were proper, might so decide, and do no violence to the prior adjudication of the other judge, which was upon the pleadings alone. See *Kleckner v. Turk*, 45 Nebr., 176.

It is now argued that the pleadings for defendant in error were insufficient; that the reply should necessarily have contained affirmative matter to show him a *bona fide* purchaser of the note. The answer, when fairly construed, alleged of the note in suit want of consideration and payment of the debt which it purported to evidence. There was no fraud or illegality pleaded in the inception of the note. The pleas in the answer were of matters such as must come from the defending parties and not from the plaintiff. A general denial in the reply joined the issues; and the burden of proof was not cast upon the plaintiff. See *Yenney v. Central City Bank*, 44 Nebr., 402; *Crosby v. Ritchey*, 47 Nebr., 925; *Violet v. Rose*, 39 Nebr., 660; *Kelman v. Calhoun*, 43 Nebr., 157; 14 Am. & Eng. Ency. Pl. & Pr., 641; *Haggerty v. Walker*, 21 Nebr., 596.

It is urged that the indorsements of the note, and particularly the one by the payee, were not shown. They were pleaded in both petition and answer, and admitted; hence needed no proof.

It is urged that the court erred in the admission of the testimony of a witness, J. W. Gross, who was the first indorsee of the note and the person from whom it was purchased by defendant in error. The testimony of this witness was on rebuttal on the issue of the *bona fide* character of the purchase and ownership of the paper by the defendant in error, and was entirely competent, material and relevant.

It is argued that there were fatal variances between the note in suit as pleaded and the one introduced in evidence. There were some differences, but none material to the issues, or the existence of which could in the least prejudice the rights of the complainant; moreover, the error, if any in this regard, was in no manner

the subject of notice, objection or exception in the trial court, and is not entitled to consideration here; moreover, the execution of the note sued upon, and all matters and facts in regard to its form, substance and indorsements were pleaded and admitted in the answer, and what was alleged to be a copy of the note and its indorsements was attached to and made a part of the answer. No proof of these things was necessary.

It is claimed there was a statement in writing upon the back of the note which was sufficient to give notice or warning to a prospective purchaser. The written matter referred to was as follows: "This note is secured by a contract on land in Douglas county, Nebraska, described as lots 4, 5, 6, 55, 56, 57, block 11, and lots 1 and 2, 59 and 60, block 1, of Northfield Add. to Omaha." This would serve to inform one who read it, or to lead to a belief, that the note was all the evidence of the debt and the contract but a security, rather than, as is contended for plaintiffs in error, to convey knowledge that the note had no real existence, and was but a part of the contract or a mere memorandum of a stipulation stated in the contract in regard to payments of moneys.

It fully appeared that J. W. Gross was an innocent purchaser and holder of the note, and, if the purchase of the defendant in error from Gross was or had been after the maturity of the note, he took it free of equities and defenses which may have existed between the original parties to it. He took the title of his indorser, that of an innocent purchaser, and was entitled to like protection and rights. The evidence fully sustained the verdict. The judgment is

AFFIRMED.