GEORGE BURKE ET AL. V. FIRST NATIONAL BANK OF
PENDER.

FILED DECEMBER 5, 1900.   No. 9,323.

1. **Directing Verdict:** SUFFICIENCY OF EVIDENCE. It is not error to direct a verdict for plaintiff in a case where a verdict in favor of the defendant could not, for want of sufficient evidence, be permitted to stand.

2. **Sale of Mortgaged Property:** ELECTION OF REMEDIES. Where mortgaged property has been sold by the mortgagor without the knowledge or consent of the mortgagee, such mortgagee may either disavow the sale and retake the property, or ratify it and recover the proceeds of the sale.

ERROR from the district court for Douglas county. Tried below before POWELL, J.   *Affirmed.*

*Hall, McCulloch & Clarkson*, for plaintiffs in error.

*Brome & Burnell, contra.*

SULLIVAN, J.

This action was brought by the First National Bank of Pender to recover of George Burke and Frazier the sum of $967, which, it is conceded, came into their hands as the proceeds of a sale of cattle made by them in the course of their business as live stock commission merchants. The jury, in obedience to a peremptory instruction, found the issues in favor of the plaintiff and, judgment having been rendered on the verdict, the defendants bring the record to this court for review. The cattle in question were owned by F. J. Coil, who, in February, 1895, consigned them with other cattle to the defendants at South Omaha, where they were sold. The bank claims the proceeds of the sale under a chattel mortgage executed by Coil to its assignor, George F. Phillips, on September 19, 1894. Another ground upon which it asserts title to the money is thus stated in the petition: "That said cattle were prior to said sale segregated by

the mortgagor Coil from other cattle shipped to defendants at that time in the presence and to the knowledge of said defendants, and defendants directed by said Coil to apply the proceeds of the sale of said cattle to the payment of said mortgage given to said Phillips." The action was defended on the theory that the cattle were not covered by the plaintiff's mortgage, but were covered by a prior mortgage given by Coil to George Burke and Frazier and by them transferred to the American Bank Trust Company of Sioux City, Iowa. The allegation of the petition above quoted was denied and the proof with respect to it was somewhat conflicting. But the evidence upon the other branch of the case justified the action of the trial court in directing a verdict for the bank. It is very clear that the Phillips mortgage was a lien on the cattle and that the other mortgage was not. Had the case been submitted to the jury, a finding in favor of the defendants could not be permitted to stand. This being so it was not error to direct a verdict. *Hards v. Platte Valley Improvement Co.,* 46 Nebr., 709. George Burke and Frazier having sold property upon which plaintiff had a lien, it might, of course, elect to ratify the sale and sue them for the proceeds; and this is precisely what it has done. *Jones v. Hoar,* 5 Pick. [Mass.], 285; *Gordon v. Bruner,* 49 Mo., 570; Bliss, Code Pleading, sec. 13. In this view of the case it is not necessary to consider the alleged errors in excluding evidence in relation to admissions of Coil made at the time the cattle were sold. The judgment is

AFFIRMED.