JAMES F. TOY, APPELLEE, v. JOHN McHUGH, APPELLANT.

FILED NOVEMBER 20, 1901. No. 10,491.

1. **Land Tax, Lien In Rem.** A land tax creates no personal liability against the owner of the land. Such tax must be collected, if at all, by a sale of the particular tract against which it is charged and upon which it is, by the statute, made a specific lien.

2. **Relief: PLEADING: PROOF.** A plaintiff is entitled to relief to the extent that the averments of his petition are sustained by the proof.

3. **Variance Not Material, Unless Misleading.** A variance between an averment of a pleading and the evidence given to sustain it is not to be deemed material unless it has misled the adverse party to his prejudice in maintaining his action or defense upon the merits.

4. **Tax Lien Extinguished by Payment: EXCEPTION.** The tax lien upon real estate existing in favor of the public is ordinarily extinguished by payment. The exception to the rule is where land has been sold by the county treasurer and taxes against the same, becoming afterwards delinquent, are paid by the holder of the tax-sale certificate.

APPEAL from the district court for Holt county. Heard below before KINKAID, J. *Reversed.*

*Michael F. Harrington,* for appellant.

*M. J. Sweeley* and *E. H. Benedict, contra.*

SULLIVAN, J.

This action was brought by James F. Toy against John McHugh to foreclose certain tax liens. The plaintiff recovered judgment in the district court in accordance with the prayer of his petition and the defendant thereupon removed the case to this court by appeal. The property affected by the decree of foreclosure is the southwest quarter of section 6, township 26, range 14, in Holt county.

The first point made by counsel for defendant is that the proof does not respond to the averments of the petition. The plaintiff alleged that the entire quarter section was sold in one body and he demanded, and was given, a lien upon the entire tract for the gross amount due upon the tax-sale certificates and tax receipts, produced at the trial. The evidence, however, shows that the land was not sold in one body, but that each of its constituent forties was separately assessed, taxed and sold. It is the law, of course, that a land tax creates no personal liability against the owner of the land. Such tax must be collected, if at all, by a sale of the particular tract against which it is charged and upon which it is, by the statute, made a specific lien. This being so, it is clear that the decree of the trial court is unsupported by the evidence and must, therefore, be reversed. We are of opinion, however, that there is no fatal disagreement between the facts pleaded and the facts proved. The plaintiff is not entitled to the relief given him by the district court, but he is entitled to some relief. To the extent that the allegations of his petition are sustained by the evidence he has made out his case and should be given judgment accordingly. Each tax-sale certificate establishes plaintiff's right to a lien upon a distinct part of the quarter section and shows that he is entitled to a part of the relief for which he prays. Consid-

ered as a whole the evidence does not, it is true, respond
to the averments of the petition; but the variance is not
in an essential matter and should, at this stage of the liti-
gation, be altogether disregarded, for it is evident that it
did not mislead the defendant to his prejudice nor em-
barrass him in making his defense upon the merits. The
right asserted in the petition is not unproved in its general
scope and meaning, and, consequently, the plaintiff should
be given in this court the relief to which he would be un-
doubtedly entitled if he had sought in a more appropriate
way to have each tax-sale certificate enforced as a lien
upon the particular tract described therein. Our statute
on the subject of variances is very liberal, and this case, in
our view, comes fairly within its beneficent provisions.
See Code of Civil Procedure, secs. 138-140.

Another point made by counsel for the defendant is that
the trial court erroneously included in the decree certain
taxes which had been paid after the sale by others than
the tax-sale purchaser. Section 116 of the revenue law
(Compiled Statutes, ch. 77, art. 1) is in part as follows:
"The purchaser of any tract of land sold by the county
treasurer for taxes, will be entitled to a certificate in writ-
ing, describing the land so purchased, the sum paid, and
the time when the purchaser will be entitled to a deed,
which certificate shall be signed by the treasurer, in his
official capacity, and shall be presumptive evidence of the
regularity of all prior proceedings. The purchaser ac-
quires a perpetual lien of the tax on the land, and if after
the taxes become delinquent he subsequently pays any
taxes levied on the same, whether levied for any year or
years previous or subsequent to such sale, he shall have
the same lien for them, and may add them to the amount
paid by him in the purchase; and the treasurer shall make
out a tax receipt and duplicate for the taxes on the real
estate mentioned in such certificate, the same as in other
cases, and shall write thereon, 'sold for tax at public sale,'
or 'sold for tax at private sale,' as the case may be." The
right given by this section is limited to the owner of the

tax-sale certificate. If any person, other than such owner or his agent, pays delinquent taxes, the lien thereon becomes at once extinguished. The land in question was first sold to Edward DeLand for the taxes in 1890. The taxes for 1891 were paid by the Farmers Loan & Trust Company, and the taxes for 1892 were paid by James F. Toy. There is no evidence tending to show that either of these payments was made at the instance of the purchaser or for his benefit, and we must therefore hold that the lien of these taxes was extinguished and did not pass to the plaintiff when he succeeded to the rights of DeLand. In 1894 the land was sold to the plaintiff for the delinquent taxes of 1893, and he afterwards paid the delinquent taxes for 1894 and 1896. The amount of the taxes for these three years was properly included in the decree; but the taxes for 1895, which were paid by the Randolph State Bank, should have been excluded, as it does not appear that the bank, in making such payment, was acting as plaintiff's agent. For the errors indicated the decree of the district court is reversed, and, in accordance with the stipulation of the parties, a final decree will be entered in this court. We find that plaintiff is entitled to a lien upon each forty of the land described in the petition for the sum of $36.25, and that he is also entitled to recover as part of his costs an attorney fee equal to ten per cent. of the amount due upon each tax lien. The costs of this court will be taxed to the plaintiff, and the costs of the district court to the defendant.

JUDGMENT ACCORDINGLY.