FRANK SPENCER v. OLIVER WILSON.

FILED SEPTEMBER 20, 1903.   No. 13,902.

1. Variance: REVIEW.  Where a party relies upon a variance between the pleadings and the proof to defeat a recovery, that question should be raised at some time during the progress of the trial, and, unless it is so raised and suggested to the trial court, it will not be considered on error in this court.

2. Record examined, and found to contain evidence to sustain the judgment.

ERROR to the district court for Boone county: JOHN R. HANNA, JUDGE.  *Affirmed.*

*C. E. Spear,* for plaintiff in error.

*J. E. Wilson* and *R. F. Williams, contra.*

JACKSON, C.

The defendant in error, herein styled the plaintiff, commenced an action in the district court for Boone county against the plaintiff in error, herein styled the defendant; his petition, omitting the caption, being as follows: "Plaintiff says that during the months of June, July, August and September, 1903, the defendant unlawfully and wrongfully, with force, broke and entered upon the wheat field of the plaintiff, situated on the west 30 acres of the southeast quarter of section 3, township 18, range 5 west, in Boone county, Nebraska, and then and there with his hogs trod down, ate up, and turned over shocks of wheat, causing the wheat to rot, and destroying the same to the amount of 125 bushels of wheat, of the value of 55 cents a bushel, amounting to $68.75 damages to the plaintiff, which defendant converted to his own use; that the said wheat while in the shock was on the above described land, and that the plaintiff had the possession and control of the said land and wheat, and was the owner of the wheat; that the defendant entered thereon without the consent of the plaintiff, and damaged and destroyed the said wheat, and that the damage was not of the fault or negligence of the plaintiff; that the plaintiff has demanded pay for the said damages from the defendant, which the defendant refuses to pay. That the plaintiff is damaged to the amount of $68.75 by the said defendant. Plaintiff asks judgment for $68.75 damages, and interest at 7 per cent. from July 1, 1903, and costs of suit." The answer was a general denial. The parties waived a jury, and the case was tried to the court, who found for the plaintiff and assessed his damages at $40, for which, with costs of suit, judgment was entered. The defendant prosecutes error to this court, and now urges that the damages are excessive, the judgment is contrary to law and is not sustained by sufficient evidence.

A considerable portion of the defendant's brief and argument is devoted to an attempt to demonstrate that there

is a variance between the pleadings and the proof; that the case stated in the petition is one in trespass, while the evidence tends only to support an action in trespass on the case. The record discloses that this question was at no time raised during the trial. The evidence of the plaintiff was offered and admitted without objection or exception. There was no attempt at the close of the plaintiff's case to nonsuit the plaintiff. The defendant proceeded with the introduction of evidence to controvert the case made by the plaintiff, and submitted his case upon the evidence so adduced. In *Knight v. Finney,* 59 Neb. 274, Mr. Justice HARRISON, who delivered the opinion of the court, in a discussion of the question of variance in that case, said:

"It is argued that there were fatal variances between the note in suit as pleaded and the one introduced in evidence. There were some differences, but none material to the issues, or the existence of which could in the least prejudice the rights of the complainant; moreover, the error, if any, in this regard, was in no manner the subject of notice, objection or exception in the trial court, and is not entitled to consideration here."

It is evident that in the trial court both parties placed a construction upon the pleadings different from the one now contended for by the defendant, and, that being true, where the case was fairly tried in the court below upon a theory adopted by both parties, they should not in a proceeding in error be permitted to adopt a different theory. If the defendant is correct in his construction of the petition, he should have raised that question in the court below, where the plaintiff would have been given an opportunity, upon proper terms, to remedy the defect in his pleading.

Concerning the question of the sufficiency of the evidence to support the judgment, there is evidence in the record sufficient to sustain the findings of the trial court. It may be true that the evidence would also have sustained a finding for the defendant, but in this court the case

stands as though it had been tried to a jury, and a verdict rendered and judgment entered upon conflicting evidence; and adhering to the long established rule of this court the judgment will not be disturbed.

We recommend that the judgment of the district court be affirmed.

DUFFIE, C., concurs. ALBERT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.