AFFIRMED.

ROOT, J., concurs in the conclusion.

ROSE and SEDGWICK, JJ., not sitting.

---

ED R. WESTING, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, APPELLANT.

FILED OCTOBER 22,. 1910.   No. 16,160.

1. **Appeal:** VARIANCE: REVIEW. A judgment will not be reversed for a variance between plaintiff's allegations and his proof, unless it is clearly shown to be material and that the defendant has been misled thereby to his prejudice in making his defense.

2. ———: ———: ———. Unless the matter of variance has, in some suitable manner, been brought to the attention of the trial court, a court of review may decline to consider it.

3. **Railroads:** DAMAGE BY FIRE: BURDEN OF PROOF. In an action for damages clearly shown to have been caused by the escape of fire from a railroad engine, the burden is upon the company to show that the engine was properly constructed, equipped, and operated.

4. **Trial:** FAILURE OF PLAINTIFF TO TESTIFY: INSTRUCTIONS. Where the plaintiff, by the evidence of competent and disinterested witnesses, fully establishes his cause of action and the amount of

his recovery, he may decline to testify in his own behalf, and his omission, while upon the witness stand, to state the amount of his damages does not require the court in his instructions to comment unfavorably upon that fact.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*James E. Kelby, Byron Clark* and *J. L. McPheely*, for appellant.

*Adams & Adams, contra.*

BARNES, J.

Action to recover damages by a fire alleged to have been caused by the negligence of the defendant. The plaintiff had the verdict and judgment, and the defendant has appealed.

One of defendant's assignments of error, and perhaps the principal one, is that there was a fatal variance between the plaintiff's allegations of negligence on which he sought to recover and the proof contained in the record. The charging part of the plaintiff's petition is, in substance, as follows: That on or about the 5th day of November, 1907, the defendant, contrary to its duty in that regard, carelessly and negligently omitted to keep its right of way free and clear of dry and combustible materials, but negligently permitted large quantities of dry grass and weeds to accumulate over and upon its tracks and right of way near the premises of plaintiff, and especially near the northeast quarter of section 26, in township 8, range 14 west, in Kearney county, Nebraska; that on or about said 5th day of November, 1907, the servants, agents and employees of defendant in operating and running its engines over its line of road at or near the northeast corner of section 27 aforesaid, the same being near the premises of the plaintiff in said county, negligently and carelessly permitted said engine, being an engine operated

by said servants at said time, to cast out sparks and coals
of fire therefrom into the dry grass and other combustible
materials on defendant's right of way and set fire thereto,
which spread out and over said lands of plaintiff, and
thereby burned up and destroyed all the grass and herb-
age on said lands.

Defendant's answer contained a general denial, and also
certain allegations of contributory negligence on plain-
tiff's part, which caused the damages for which he sought
to recover.

The record fairly discloses that the fire which caused
the damage in question originated from sparks or coals
of fire thrown by one of the defendant's engines or loco-
motives, but instead of starting in the rubbish, weeds, dry
grass, etc., alleged to have accumulated on defendant's
right of way, it started in the grass several feet outside
of the right of way on a small tract of land belonging to
one Lang, and thence it spread onto the plaintiff's prem-
ises. This is the matter of variance on which the defend-
ant relies for a reversal of the judgment of the district
court. It is contended that such variance is material, and
therefore the verdict is not sustained by the evidence.

There might be some force in this contention if the de-
fendant had seasonably presented that question to the
trial court. It appears, however, that when the plaintiff
introduced his evidence it was not objected to because it
failed to support the allegations of the petition and was
at variance therewith. In fact, it does not appear that the
matter of variance was urged or even suggested by any one
at any time during the trial in the district court. It was
not raised or discussed during said trial or in the motion
for a new trial, and there is nothing in the record which
tended to raise that question, unless it be held that de-
fendant's request for a directed verdict had that effect.

By section 138 of the code it is provided: "No variance
between the allegation in a pleading and the proof is to
be deemed material, unless it have actually misled the
adverse party, to his prejudice, in maintaining his action
45

or defense upon the merits. Whenever it is alleged that a
party has been so misled, that fact must be proved to the
satisfaction of the court, and it must also be shown in
what respect he has been misled; and thereupon the court
may order the pleading to be amended upon such terms
as may be just." In accordance with the foregoing, it was
held in *Knight v. Finney*, 59 Neb. 274, that "variances
between allegation and proof which are immaterial or not
prejudicial do not call for a reversal of a judgment." In
the opinion it was said: "It is argued that there were
fatal variances between the note in suit as pleaded and
the one introduced in evidence. There were some differ-
ences, but none material to the issues, or the existence of
which could in the least prejudice the rights of the com-
plainant; moreover, the error, if any in this regard, was
in no manner the subject of notice, objection or exception
in the trial court, and is not entitled to consideration
here." In *Spencer v. Wilson*, 74 Neb. 459, it was held:
"Where a party relies upon a variance between the plead-
ings and the proof to defeat a recovery, that question
should be raised at some time during the progress of the
trial, and, unless it is so raised and suggested to the trial
court, it will not be considered on error in this court."
Again, we have frequently held that a variance between
the averments of a pleading and the evidence given to
sustain it is not to be deemed material unless it has mis-
led the adverse party to his prejudice. *Lubker v. Grand
Detour Plow Co.*, 53 Neb. 111; *Toy v. McHugh*, 62 Neb.
820; *Stull v. Masilonka*, 74 Neb. 309; *Ittner Brick Co. v.
Killian*, 67 Neb. 589.

It is true that in the case at bar it was alleged in the
petition that the fire started in the weeds, dry grass and
combustible materials which defendant had negligently
permitted to accumulate on its right of way, while the
proof shows that it started outside of the right of way;
but it clearly appears that defendant's section foreman
made a report of the fire at the time it occurred, and the
company was fully aware of that fact, therefore it ha-

ample opportunity to prepare its defense in accordance with that view of the case. So it cannot be said that the variance complained of misled the defendant to its prejudice, and it therefore affords no ground for reversing the judgment of the district court.

Defendant's other assignments of error relate to the matter of instructions, and the foregoing rule disposes of all of them but two, which we will now consider.

It is contended that the court erred in giving instruction numbered 3, upon his own motion, by which it was stated in substance, among other things, that in order to entitle the plaintiff to recover it would only be necessary for him to prove that the defendant, by and through its agents and employees, set out the fire, and that the same spread over his premises, destroying his crops and injuring his land as claimed by him in his petition. It is contended that the burden of proof is upon the plaintiff; that he had alleged negligence; and that this instruction cast the burden of proof upon the defendant. A like question was before this court in *Union P. R. Co. v. Keller*, 36 Neb. 189, where it was said: "Where the proof shows that a fire originated from an engine running over the defendant's railway, it is unnecessary for the plaintiff to show affirmatively any defect in the construction or condition of the engine, or any negligence in its management. Negligence will be presumed from the fact that fire was set out." In *Rogers v. Kansas City & O. R. Co.*, 52 Neb. 86, we held: "Where damage is caused by the escape of fire from a railroad engine, the burden is upon the company to show that the engine was properly constructed, equipped, and operated." From the foregoing it is apparent that the district court did not err in giving the instruction complained of.

Finally, it is contended that the court erred in refusing to give instruction numbered 14, requested by the defendant. The request reads as follows: "The court instructs the jury that, the fact of plaintiff's not testifying as to the value of the property he claims was destroyed by fire in

determining the amount of damage he has sustained, you
have a right to presume that his knowledge and evidence,
if given, would be against his interest." It is true that
the plaintiff did not testify as to the amount of his dam-
ages; but there is sufficient competent evidence given by
apparently disinterested witnesses upon that question to
sustain the verdict of the jury. We are not aware of any
rule compelling the plaintiff to establish the amount of
damages by his own testimony, and there would seem to
be no reason for him to testify upon that point if he is
able to establish it by the evidence of other competent and
disinterested witnesses. We are therefore of opinion that
the court properly refused to give this instruction.

After a careful examination of the record, we are satis-
fied that it contains no reversible error, and the judgment
of the district court is therefore

AFFIRMED.

SEDGWICK, J., concurring.

It is said in the opinion that the defendant "had ample
opportunity to prepare its defense" because its section
foreman reported the facts to the company at the time
they occurred. I think that this will not do as a rule of
pleading. If this is to be the rule of pleading, then there
will be no necessity of pleading at all; it will only be
necessary to prove that the defendant has had "ample no-
tice" from some other source that the plaintiff has a valid
claim and full notice of the nature of the claim. A defend-
ant in a lawsuit has a right to rely upon the petition as
stating all that he is required to defend against. It is
not supposed that he will be ready, in court, to defend
against other charges not contained in the pleadings.

I concur in the conclusion on other grounds stated in
the opinion.

REESE, C. J., concurring.

I concur in the result reached in the opinion of the ma-
jority, but desire to say that I do not think that under

the circumstances of this case the averment that the fire was started within the right of way is material in so far as the statement of facts constitutes a cause of action is concerned. I believe the petition would be good without the allegation. If I am correct in this, the fact that defendant knew of the true conditions through the report of a proper employee, there could be no surprise, and therefore no error, even if the matter had been properly presented to the district court.