IMPERIAL VALLEY SAVINGS BANK *v.* HUFF.

Opinion delivered November 20, 1916.

CHATTEL MORTGAGES—SALE OF MORTGAGED PROPERTY—RIGHTS OF MORTGAGEE.—One P. mortgaged certain cattle to appellant, and thereafter sold the cattle, converting the proceeds to his own use. He was arrested, and after sueing out a writ of habeas corpus, deposited the said money in court in lieu of bail. Appellant intervened, claiming the money, which, *held*, it could do. P. having sold the property upon which appellant had a lien, appellant had the right either to sue the purchaser for a conversion of the property, or to ratify the sale and sue P. for the proceeds.

Appeal from Garland Circuit Court; *Scott Wood*, Judge; reversed.

*Frank Birkhauser* and *Rector & Sawyer*, for appellants.

1.   The court erred in its declarations of law. Under the laws of California the title to the cattle passed to the mortgagee. 5 R. C. L., § 22, pp. 927-8; Civil Code of Cal., §§ 2965-6-7, 2955 to 2972; 127 Cal. 648-652; 84 *Id.* 554-6; 63 *Id.* 4, 550; 152 *Id.* 488, 493; 121 *Id.* 8; 117 *Id.* 412; 36 *Id.* 414; 61 Pac. 84.

2.   The lien attaches to the proceeds of sale. 131 Cal. 11-14; 144 *Id.* 468-470; 138 *Id.* 334; 37 Pac. 914.

3.   The lien of appellant is superior to the claim of appellees who took with notice. 127 Cal. 290; 4 Cal. Unreported Cases, 813, 817; Civil Code Cal., § 2897.

A valid lien on personal property is enforceable against it, or its proceeds, in the hands of any one except an innocent purchaser without notice. 25 Cyc. 680; 72 Ark. 494; 37 *Id.* 511; Jones on Chat. Mortg., 464; 112 Cal. 12; 73 N. W. 667; 47 Am. St. 705; 33 Pac. 31.

4.   If the proceedings were irregular they were not prejudicial. 91 Ark. 25.

*C. Floyd Huff* and *B. H. Randolph*, for appellees.

1.   Appellants have failed to establish that the fund is the proceeds of the sale of the mortgaged property.

2.    The appellants had not the title to the property. Civil Code of Cal., § 2888; 6 Cal. App. 455; 92 Pac. 393; 128 Cal. 489; 61 Pac. 84; 112 Cal. 215; 44 Pac. 487; 53 Am. St. 207; 84 Cal. 154; 23 Pac. 1086; 32 Cal. 55, 199; 162 Cal. 181; 121 Pac. 726; 106 Cal. 673; 39 Pac. 1071.    Appellants consented to the removal and sale.    112 Cal. 8;    44 Pac. 357;    53 Am. St. 151.    Appellants had no lien on the proceeds.

3.    The lien of a chattel mortgage remains valid thirty days after removal from the county where the mortgage was given.    Code of Cal., § 2965; 151 Cal. 522;    91 Pac. 327.    The only remedy was against the purchaser of the property.    89 Cal. 178;    26 Pac. 626; 70 Cal. 190; 11 Pac. 608.    There can be only one remedy. Code of Cal., § 726; 15 Cal. App. 347; 115 Pac. 59.

4.    But if the fund was the proceeds of the sale of the mortgaged property and Phillips had no right to sell same, appellants only had an equitable lien not enforceable at law.

5.    Appellees had no notice.

HART, J.    E. J. Phillips was arrested in Hot Springs. Garland County, Arkansas, as a fugitive from justice, charged with having unlawfully disposed of mortgaged property in the State of California.    He sued out a writ of habeas corpus in the circuit court and was permitted to deposit with the clerk of the court $1,100.00 in lieu of bail.    Appellants filed an intervention in which they set up that the money deposited as bail with the clerk of the court was derived from the proceeds of personal property which Phillips had mortgaged to appellants and which he had sold without their consent.

The prayer was that the money should be delivered to appellants.    Subsequently appellees filed a petition in which they stated that Phillips had assigned the money to them for professional services rendered by them in the habeas corpus proceeding and other proceedings concerning the disposition of the mortgaged property.    Phillips was discharged from custody and issue was joined between appellants and appellees as to

which of them was entitled to the money deposited with the clerk as above stated.

The case was tried before the court sitting without a jury. The material facts are as follows:

Appellants were banking corporations doing business in the State of California, and had a mortgage executed by E. J. Phillips, a resident of the State of California, on fifty head of cattle, which belonged to him and which were in his possession, to secure a debt owed by Phillips to the banks. The mortgage was duly recorded as required by the laws of the State. Phillips removed the cattle from the county where the mortgage was given and recorded, to another county in the State of California and sold them, together with other cattle owned by him, to a packing house without the consent of the mortgagees. He collected the proceeds of the sale and soon afterward went to Hot Springs in the State of Arkansas. After he arrived there, he was arrested as a fugitive from justice, charged with selling mortgaged property in the State of California in violation of the statutes of that State. After he was arrested, he filed a petition in the circuit court for a writ of habeas corpus, and the court allowed him to deposit $1,100.00 in cash in lieu of a bond for his appearance as required by law. The money was immediately deposited in court, and it was a part of the money which Phillips had received from the sale of the mortgaged cattle and other cattle owned by him which he had mingled with them. Appellants then filed an intervention in the circuit court claiming the money as the proceeds of the sale of the cattle mortgaged to them as above set forth. After the petition was filed by appellants, appellees filed an answer claiming the money under a written assignment made to them by Phillips for legal services rendered by them in the habeas corpus proceeding as above set forth. Other facts tend to show that appellees had notice that the money was derived from the sale of the mortgaged property before they received the assignment of the money from Phillips.

The court found that appellees' right to the money deposited with the clerk was superior to that of appellants and rendered judgment accordingly. To reverse that judgment appellants prosecute this appeal.

The circuit court was of the opinion that under the facts the laws of the State of California must govern and that in that State the title does not pass to the mortgagee to personal property under a chattel mortgage, but that the mortgagee merely has a lien on the property. He was further of the opinion that even though appellee had notice that the money in the hands of the court was a part of the proceeds of the cattle upon which appellants had a mortgage that this would not deprive them of the right to an assignment of the money and that their rights are superior to those of appellants. We think the circuit court erred in its conclusions of law. We deem it immaterial to decide whether or not under the laws of the State of California a mortgage of chattels conveys the title in the mortgaged property to the mortgagee or that he has merely a lien on the property. The mortgage in question contained a clause providing that the mortgagor should not sell the property without the written consent of the mortgagee or remove it from the county. It is insisted by appellees that appellants waived this provision of the mortgage. They relied on the testimony of the cashier of the bank to sustain their contention. The cashier denied that appellants had given Phillips the right to remove the property from the county in which it was situated or to sell or dispose of it. On cross-examination the cashier admitted that there had been one or two mortgges executed by Phillips in favor of appellants before this time and that they had permitted him to sell the cattle and apply the proceeds to the mortgage. The fact that they had done this on two previous occasions does not show that they gave Phillips the right to sell the cattle embraced in the mortgage under consideration and apply the proceeds to the payment of the mortgage debt. The testimony of the cashier of the bank shows that the mortgage debt was more than the amount deposited with the clerk of

the circuit court and it was shown that Phillips admitted that this money was the proceeds of the sale of cattle mortgaged to appellants. As we have already seen, the testimony shows that the property was sold without the consent of the mortgagee. Under these circumstances it is immaterial whether the legal title to the mortgaged property passed to the mortgagee by execution of the mortgage or whether it merely had a lien on the cattle. Phillips having sold the property upon which appellants had a lien, appellants might sue the purchaser for conversion of the property or they might elect to ratify the sale and sue Phillips for the proceeds. *Burke* v. *First National Bank*, 61 Neb. 20, 84 N. W. 408, 87 Am. St. Rep. 447; *Jones* v. *Hoar*, 5 Pick. (Mass.) 285. See also *Mathew* v. *Mathew*, 138 Cal. 334, and cases cited.

We do not think what we have said in anywise conflicts with the rule laid down in *Reavis* v. *Barnes*, 36 Ark. 575 and *Judge* v. *Curtis*, 72 Ark. 132. In each of these cases a landlord was proceeding against the purchaser from his tenant of property upon which he had a landlord's lien. Here the mortgagees are not proceeding against the purchaser from the mortgagor to fix their lien on the property sold by the mortgagor or the proceeds thereof, but they are proceeding directly against the mortgagor. The mortgagor had sold the mortgaged property without permission of the mortgagees and had deposited the proceeds of sale with the clerk of the circuit court in lieu of a bail bond. The mortgagees filed their petition in the court which had custody of the fund. They asked the court that had the custody of the money to turn it over to them and their petition was filed before the mortgagor assigned his right to the money to appellees. The mortgagees properly filed their petition in the court which had the custody of the money and they were entitled to it. The circuit court erred in not directing that it be turned over to them. For this error the judgment will be reversed and the cause remanded for a new trial.

HUMPHREYS, J., not participating.