ESTATE OF CHARLES SCHIMMEL, DECEASED, MARY SCHIMMEL AND ABRAM Q. SCHIMMEL, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81991. Promulgated May 24, 1939.

*Don W. Stewart, Esq.,* and *O. R. Martin, C. P. A.,* for the petitioners.

*Arthur Carnduff, Esq.,* and *Wm. G. Ruymann, Esq.,* for the repondent.

### OPINION.

MELLOTT: The respondent determined a deficiency in petitioner's income tax in the amount of $2,387.55 for the calendar year 1932. Two issues were raised by the pleadings, one of which, involving depreciation on furniture and fixtures, was abandoned by the petitioner.

The question to be decided is: "Under the laws of Nebraska, when do general city taxes on real estate in cities of the metropolitan class (Omaha) accrue?"

The proceeding was submitted upon the following stipulation of facts.

### STIPULATION OF FACTS.

During the calendar year 1932 the petitioner was a resident and taxpayer of the State of Nebraska and was the owner and operator of the Blackstone Hotel in the City of Omaha, County of Douglas and State of Nebraska. Said city was during said year and for several years prior and subsequent thereto a city of the metropolitan class as defined by the laws of the State of Nebraska.

During the year in issue, and for several years prior and subsequent thereto the petitioner kept his books of account and filed his Federal income tax returns on the accrual basis. For the calendar year 1932 the petitioner duly filed his Federal income tax return and deducted from his taxable income the amount of $14,211.64 under "Schedule A–6, Occupation Expense, Real Estate & Personal" as described in his said return. The petitioner computed said amount so deducted and claimed as follows:

He carried on his books of account a reserve account for taxes accrued. On December 31, 1931 this account bore a credit of $2,600. During the year 1932 he credited and entered on said account as tax expense $1,150 for the month of January, $1,150 for the month of February and $1,250 each for the remaining ten months of 1932 or a total of $14,800 additional credits, thus making the total credits entered in said account for said year, $17,400. During the

said year, he entered as debits to said account taxes paid in 1932 in the total amount of $14,311.64, "credit to taxes expense, $588.36," and credit balance of $2,500 thus balancing said account as of December 31, 1932. The debits to said account in respect of taxes paid were as follows:

| | | | |
|---|---|---|---|
| Apr. 30, 1932 | Payment of 1931 county real estate taxes | | $2,421.52 |
| July 1, 1932 | Payment of 1932 city real estate taxes | | 10,380.76 |
| July 1, 1932 | Payment of 1932 city personal taxes | | 1,280.04 |
| July 1, 1932 | Payment of 1932 city intangible taxes | | 16.33 |
| Nov. 28, 1932 | Payment of 1932 county personal taxes | | 203.03 |
| Nov. 28, 1932 | Payment of 1932 county intangible taxes | | 9.96 |
| | | | $14,311.64 |

In his Federal income tax return the petitioner deducted from taxable income the above amount of $14,800 (being credits accrued as monthly charges to tax expense as stated above) less $588.36, which had been credited to tax expense in 1931, thus arriving at the amount deducted of $14,211.64. The Commissioner disallowed $2,054.02 thereof and allowed as a deduction for taxes in said year, $12,157.62 which he computed as follows:

*Taxes accrued and paid in 1932*

| | |
|---|---|
| November 28, 1932—Payment county personal taxes | $203.03 |
| November 28, 1932—Payment county intangible taxes | 9.96 |

*Taxes accrued in 1932 but paid in 1933*

| Date of Payment | Date of Accrual | | |
|---|---|---|---|
| April 28, 1933 | April 1, 1932, | 1932 County Real Estate taxes | $2,243.10 |
| June 30, 1933 | April 1, 1932, | 1933 City Personal taxes | 823.43 |
| July 31, 1933 | April 1, 1932, | 1933 City Real Estate taxes | 8,878.10 |
| | Total allowed by Commissioner | | $12,157.62 |

It is agreed that the Commissioner in determining the deficiency here in issue allowed as a deduction in 1932 the 1933 City Personal and Real Estate taxes paid in 1933 and did not allow as a deduction in 1932 any of the 1932 City Personal and Real Estate taxes paid in 1932.

It is further agreed that Section 514 of Chapter 14 of the Compiled Statutes of Nebraska, 1929, provide that city taxes shall be assessed and levied a year in advance of the year in which they are paid and that in respect of the laws of Nebraska in effect during the year 1932 in the city of Omaha, Nebraska the city real estate and personal taxes were assessed and levied a year in advance of the year in which they were paid, the assessment being made on April 1, of each year for the following year. City real estate and personal taxes were levied in the year before the year in which they became due. City real estate taxes became a lien on May 1 of the year in which they were due, being the year after the year of assessment and levy. City personal taxes became a lien on November 1 of the year in which they were levied, being the year before the year in which they were due. City real estate and personal taxes became due on May 1 of the year after the year they were assessed and levied and became delinquent on July 1 or two months after they were due.

In respect of the laws of Nebraska in effect during the year 1932 County and State real estate taxes were assessed and levied during the current tax year

and became due on November 1 of the current tax year, and became a lien on December 1 of the current tax year but did not become delinquent until May 1 of the following year.

Accordingly, in determining the deficiency here in issue the Commissioner determined that the petitioner was on the accrual basis and that his County Real Estate taxes for 1932, assessed and levied and which were a lien on his property in 1932 but which were not paid until April 28, 1933 were deductible from 1932 taxable income; and he further determined that petitioner's 1933 City personal and real estate taxes which were assessed and levied and which became a lien as to personal taxes in 1932 and as to real estate taxes in 1933 but which were not paid until June 30, 1933 and July 31, 1933, respectively, were deductible from 1932 taxable income.

The Revenue Acts of 1928 and 1932 each provide:

SEC. 23. *Deductions from gross income.*—In computing net income there shall be allowed as deductions:

 *  *  *  *  *  *  *

(c) TAXES GENERALLY.—Taxes paid or accrued within the taxable year. * * *

The question is whether the general city real estate taxes in the amount of $10,380.76, which petitioner contends accrued in 1932, should be deducted from gross income for 1932, or whether the amount of $8,878.10, which the respondent determined to be the amount that accrued in that year, should be deducted. This question may be resolved by determining when such taxes accrue under the laws of Nebraska.

The pertinent provisions of the Compiled Statutes of Nebraska, 1929, are the following:

14-514. *Certification for Levy.* The city council shall annually certify to the county clerk of the county in which the city is located, by resolution, the number of mills which the city desires to be levied on each dollar, as taxation for all municipal purposes for the ensuing year, upon all taxable property within the limits of the city * * *. The certification required herein shall be made before the County Board of Equalization shall have made its tax levy of each respective year. * * *

14-548. *Lien of Taxes and Assessments.* All general municipal taxes upon real estate shall be a first lien upon the real estate upon which it is levied * * *. The lien of all general municipal taxes levied on personal and real property shall be governed by the general revenue laws of this state. * * *

14-549. *Delinquent Taxes.* All general taxes on personal and real property in such city levied under this act, shall become due May 1st and delinquent on July 1st of the year following the levy and shall draw the same rate of interest as the general taxes of the county and state. * * *

77-203. *Real Property Taxes, Constitute First Lien.* Taxes on all real property shall be a first lien thereon from and including the first day of December of the year in which they are levied until the same are paid, except general city taxes on real property within the corporate limits of cities of the metropolitan class, which shall be a first lien thereon from and including the first day of May following the levy, until the same are paid. * * *

77–204. *Personal Property Taxes, Constitute First Lien.* Taxes assessed upon personal property shall be a first lien upon the personal property of the person to whom assessed from and after the first day of November of the year in which they are assessed, until paid. * * *

77–1008. *Same, State Levy, Rate, When Transmitted to County Clerk.* On or before the second day of August in each year the state board shall transmit to the county clerk of each county a statement of the rate of taxation required for the general state tax, the state school tax and any other general or special taxes, as directed to be levied and collected by the state board.

77–1601. *Real Property, Assessment, Classification, Real Estate Classification Boards.* All real property in this state subject to taxation shall be assessed on the first day of April, 1926, and every fourth year thereafter, which assessment shall be used as a basis of valuation for taxation until the next regular assessment, except as hereinafter provided. * * *

77–1605. *Additional Lands and Improvements, Included in Return, Decreased Values.* Each assessor shall annually, at the time of taking the list and valuation of personal property, also take a list of all real property that shall have become subject to taxation since the last previous listing of the property in the county, with the value thereof, and of all buildings and all other improvements of any kind. * * *

77–1801. *County Tax Levy, Procedure, Limitations, Appeals.* The County Board of Equalization shall adjourn from time to time until the action of the State Board of Equalization and assessment shall have been had and certified to the County Clerk, and, on the last day of sitting as a board of equalization, the county board shall levy the necessary taxes for the current year. * * *

77–1907. *Taxes, When Delinquent, Interest.* On the first day of December of the year in which taxes shall have been assessed, all unpaid personal taxes, shall become delinquent and shall draw thereafter interest at the rate of ten (10%) per cent per annum, which interest shall be collected the same as tax so due. On the first day of May of the year after which taxes shall have been assessed, all unpaid taxes upon real property shall become delinquent, and such delinquent taxes shall thereafter draw ten (10%) per cent interest, which interest shall be collected the same as the tax so due. * * *

Respondent's ruling (I. T. 2849, XIV–1 C. B. 60) as to the date of the accrual of real and personal property taxes in the State of Nebraska has been examined. It refers to the date of the accrual of real estate taxes generally, but makes no specific reference to "general city taxes on real property within the corporate limits of cities of the metropolitan class." It is not in issue in this proceeding and, since it has not been passed upon by the courts or by this Board, no opinion will be expressed as to its correctness. We must determine when general city real estate taxes accrue and to do so the state statutes must be examined in the light of previous court and Board decisions.

The rule uniformly followed in determining when a taxpayer on the accrual basis may accrue taxes for income tax purposes was laid down by the Supreme Court of the United States in *United States* v. *Anderson*, 269 U. S. 422, in the following language:

\* \* \* In a technical legal sense it may be argued that a tax does not accrue until it has been assessed and becomes due; but it is also true that in advance of the assessment of a tax, all the events may occur which fix the amount of the tax and determine the liability of the taxpayer to pay it. \* \* \*

This Board and the courts have applied the rule in a number of cases involving the accrual date for real property taxes assessed and levied by states, counties, and municipalities. Under the laws of some states it has been held that such date is the date when the taxes have been assessed and, under the particular statutes, have become a lien upon the property. *California Sanitary Co., Ltd.*, 32 B. T. A. 122; *First Bond & Mortgage Co.*, 27 B. T. A. 430; *Cloquet Co-operative Society*, 21 B. T. A. 744; *Leamington Hotel Co.*, 26 B. T. A. 1004; *Texas Coca-Cola Bottling Co.*, 30 B. T. A. 736; *Carl K. Lifson, Administrator*, 36 B. T. A. 593; affd., 98 Fed. (2d) 508; *H. H. Brown Co.*, 8 B. T. A. 112; *Crown Willamette Paper Co.*, 14 B. T. A. 133; *Gatens Investment Co.*, 36 B. T. A. 309. Under the laws of Wisconsin real estate taxes have been held to accrue on December 2, the date of the delivery of the tax roll by the tax commissioner to the city treasurer of Milwaukee, on which date the tax lien attaches, although the taxes had been assessed on May 1. *Securities Co. of Milwaukee* v. *United States* (U. S. Dist. Ct., E. Dist. Wis.), Dec. 1936; appeal dismissed on stipulation of parties, 91 Fed. (2d) 1022; *Commissioner* v. *Patrick Cudahy Family Co.*, 102 Fed. (2d) 930, affirming 36 B. T. A. 1147. Under the laws of Maine taxes have been held to accrue on June 30 when they become due, although under the statutes they are made payable on December 10. *Klauber Embroidery Works*, 11 B. T. A. 779. Under the laws of Ohio, real estate taxes have been held to accrue on April 2, when the lien attaches, although the amount of the assessment is not determined until December, *Walsh-Maguire Co.* v. *Commissioner*, 97 Fed. (2d) 983; while under the laws of Washington real estate taxes have been held to accrue on March 1, the date the tax lien attaches, although they are not due and payable until February of the following year. *Grand Hotel Co.*, 21 B. T. A. 890; cf. *Theodore Plestcheeff*, 35 B. T. A. 508; affd., 100 Fed. (2d) 62.

A study of the above cited cases indicates that, in every instance where taxes have been held to have accrued prior to the date when they became due, the tax lien had attached and become a charge against the property at the time of the assessment or levy, and the liability of the owner of the property had then become fixed. In other words, the "liability of the taxpayer to pay it" had arisen or the property itself had been definitely charged with its payment.

Section 77–1601 of the Compiled Statutes of Nebraska, *supra*,

provides that all real property in the state shall be assessed on the first day of April 1926, and every fourth year thereafter, and that this assessment shall be used as a basis for valuation. It seems, therefore, that there would be no assessment in April 1931. Assuming, however, that the parties correctly stipulated that there was an assessment in 1931, such assessment apparently consisted in merely valuing the property to be taxed to the end that such valuation might be used as a basis for the apportionment of the tax. The parties agree that the tax was levied in 1931, although they disagree as to the date when the levy was made, respondent contending that it was April 1 and petitioner contending that it was on or after August 2, 1931. While we lean toward the latter view, a decision to that effect is unnecessary, since both parties concede that it was made in 1931. It consisted of fixing the rate at which the real property in the city was to be taxed.

But under sections 14–549 and 77–203 of the Nebraska statutes set out *supra*, "general city taxes on real property within the corporate limits of cities of the metropolitan class" are made "a first lien thereon from and including the first day of May following the levy." The recent decision by the Supreme Court of Nebraska in *Chicago & N. W. Ry. Co.* v. *Bauman*, 132 Neb. 67; 271 N. W. 256, indicates quite clearly that such levy must have been made in August, rather than in April; but, even if made in April, no lien attached until May 1 of the next year. This is recognized by respondent, he stating upon brief that "the lien on Nebraska land did not attach to property within corporate limits of cities of the metropolitan class * * * until one year and one month following assessment."

The courts of Nebraska have held that a real estate tax creates no personal liability against the owner of the land (*Toy* v. *McHugh*, 62 Neb. 820; *Kelley* v. *Wehn*, 63 Neb. 410; *City of Beatrice* v. *Wright*, 72 Neb. 689). We have pointed out above that the statutes provide that the taxes here involved did not become due or a lien against the property of petitioner until May 1, 1932. It is apparent, therefore, that neither the assessment nor the levy of these taxes laid any charge upon either the person or the property of petitioner until May 1, 1932. In our opinion, if he had disposed of his Omaha city real estate subsequent to April 1, 1931, and prior to May 1, 1932, he would not have been liable for the taxes assessed and levied in 1931.

Being of the opinion that the event which determined petitioner's liability for Omaha city real estate taxes was his ownership of the property on May 1, 1932, when such taxes became due and a first lien upon it, we hold that the respondent erred in determining that such taxes were not accruable and deductible in computing his taxable income for 1932.

*Judgment will be entered under Rule 50.*