DONALD SEGEBART, BY HIS GUARDIAN AND NEXT FRIEND, LOUIS SEGEBART, APPELLANT, V. ODDIE GREGORY, APPELLEE.
55 N. W. 2d 678

Filed December 5, 1952. No. 33207.

*Ernest A. Raun, Alfred D. Raun,* and *Charles A. Fisher,* for appellant.

*Edwin D. Crites,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in two causes of action. The first is for damages for personal injuries by Donald Segebart by Louis Segebart, his guardian and next friend, plaintiff and appellant, against Oddie Gregory, defendant and appellee. The second is for loss of earnings of the plaintiff which on account of the minority of plaintiff was an action in favor of Louis Segebart, the father of the plaintiff. It was assigned to himself as guardian and prosecuted on behalf of the plaintiff.

The cause was tried and after both parties rested the defendant moved for a directed verdict in his favor which motion was sustained and accordingly a verdict was returned. A motion for new trial was duly filed and overruled, and judgment was entered on the verdict. From the order overruling the motion for new trial and the judgment the plaintiff has appealed.

There are numerous assignments of error in the brief but all of them do not require consideration herein. The pertinent contentions are that there was sufficient evidence upon which to submit the issues presented by plaintiff to a jury for determination; that there was no material variance between the pleadings and proof; and that the motion for directed verdict was not subject to consideration by the court since it was not in form and substance required by law in that it stated no ground for a directed verdict.

A determination of these assignments depends upon certain elements of the petition and an analysis and application of the evidence adduced at the trial. The only evidence adduced was by the plaintiff. After plaintiff rested the defendant rested without introducing evidence and thereafter made his motion for a directed verdict. The rule is applicable, therefore, that the evidence of plaintiff must be accepted as true and he is entitled to all the favorable inferences reasonably to be drawn therefrom. Roberts v. Carlson, 142 Neb. 851, 8 N. W. 2d 175; Spaulding v. Howard, 148 Neb. 496, 27 N. W. 2d 832; Smith v. Platte Valley Public Power and Irr. Dist., 151 Neb. 49, 36 N. W. 2d 478.

The proved facts are that on the evening of September 9, 1950, plaintiff became a passenger in a Chevrolet automobile which was owned by one Donald Sandoz. Two other boys and two girls became passengers in this automobile. Sandoz with the five others drove about until after midnight when they drove west on what has been designated as "new" highway No. 20 and turned east on what has been designated as "old" highway No. 20. When they arrived at a point about one-fourth mile west of Hay Springs the car was stopped on the right or south side of this old highway No. 20. The automobile remained there until about 1:30 or 2 a. m., September 10, 1950. Sandoz was at the wheel, plaintiff was seated in the middle of the front seat, and one of the girls was to his right or on the outside. At about 1:30 or 2 a. m. Sandoz started the automobile. The lights were on. It was raining and the windshield wipers were operating. On this old highway No. 20 apparently maintenance had been long abandoned and it had chuck holes in it making its use difficult and dangerous. The plaintiff said that visibility ahead was about 100 feet. After Sandoz started the automobile he turned it to the left and over onto the north side of the highway where the front end collided with an automobile owned and operated by the defendant. The plaintiff estimated the speed of the

Sandoz automobile at the time of collision at 20 to 25 miles an hour. The plaintiff did not see the collision. He had turned around and was at the time talking to someone in the rear seat. He did not see the defendant's automobile or any lights on it before the collision. The two girls gave testimony that there were no lights on the defendant's automobile and that they did not see it. It probably was headed west. Sandoz and the two other passengers were in the service at the time of trial and no evidence was obtained from them. There is no evidence as to whether the defendant's automobile was or was not in motion at the time of the collision. The defendant was in and in charge of this automobile at the time of the collision.

The allegations of the petition are that defendant's automobile was parked on the highway without lights and this is the basis of the charge of negligence against him.

In order to ascertain the correct content of the motion for directed verdict it becomes necessary to point out that it was made in part by reference to a previous motion. The plaintiff rested, whereupon the defendant made the following motion: "The plaintiff having rested, the defendant moves the Court peremptorily to instruct the jury to return a verdict in favor of the defendant."

The plaintiff was then allowed to withdraw his rest and adduce additional evidence when he again rested. At that time the defendant renewed his motion in the following terms: "The defendant reiterates his motion and moves the Court peremptorily to instruct the jury to return a verdict in favor of the defendant." This motion was overruled.

The defendant then rested and renewed his motion for a directed verdict in the following terms: "The defendant rests. The defendant having rested, he renews the motion for an instructed verdict in favor of the defendant."

The following appears as the conclusion of the bill of exceptions:

"BY THE COURT: Gentlemen, on further examination of the pleadings and the evidence, I have decided that there is still a fatal lack of proof in the plaintiff's case, and I haven't any choice except to sustain the motion.

"MR. FISHER: May I inquire where we have failed, Your Honor?

"BY THE COURT: Well, the proof doesn't correspond with the pleadings. Gentlemen of the Jury, you are instructed as a matter of law that the plaintiff's evidence is insufficient to support a finding that the defendant was guilty of any of the grounds of negligence alleged in plaintiff's petition, and you will therefore return a verdict for the defendant."

Thus it is observable that the motion does not specify the ground therefor. This is violative of the provision of section 25-1315.01, R. R. S. 1943, as follows: "* * * A motion for a directed verdict shall state the specific grounds therefor."

The ground or grounds on which the motion depends are not made clear. The appellee urges and it is inferable from the quoted statements of the court that it was based on a conclusion that there was variance between the petition and proof and it is also inferable that there was a failure of proof of negligence on the part of the defendant. The theory of the contention of appellee that there was a variance is that the petition charged that the automobile of defendant was parked whereas the proof failed to show whether it was parked or in motion at the time of the collision.

Prior to the enactment of the provision quoted from section 25-1315.01, R. R. S. 1943, a litigant against whom a motion for directed verdict was made was entitled to know either from the motion itself or from the order thereon by the court the ground or grounds upon which the motion was sustained. Rhoads v. Columbia Fire

Underwriters Agency, 128 Neb. 710, 260 N. W. 174. By this provision it has become mandatory that he shall be informed by the motion itself. The reasons why this should be true are well stated in the opinion in Rhoads v. Columbia Fire Underwriters Agency, *supra.*

If the evident intent of the Legislature in the enactment of and the clear purport of the provision quoted is to be given force and effect it must be said that the motion for a directed verdict was defective and that it was error for the court to sustain it as made. We conclude that force and effect should be given to the provision.

It was also error with prejudice unless from an examination of the record it may be said that a verdict in favor of plaintiff lacked evidence to support it, or in other words, if a verdict had been returned in favor of the plaintiff it would have been the duty of the court to set it aside because it was without support in the evidence. Hards v. Platte Valley Improvement Co., 46 Neb. 709, 65 N. W. 781; Burke v. First National Bank of Pender, 61 Neb. 20, 84 N. W. 408, 87 Am. S. R. 447; Kirshenbaum v. Massachusetts Bonding & Ins. Co., 107 Neb. 368, 186 N. W. 325; Rzeszotarski v. American Smelting & Refining Co., 133 Neb. 825, 277 N. W. 334; Hammer v. Estate of Hammer, 155 Neb. 303, 51 N. W. 2d 609.

From an examination of the record we think the evidence of plaintiff, if believed by a jury, was sufficient to sustain a verdict in his favor. We also think that there was no fatal or material variance between the pleading and the proof.

As to variance it is provided by statute as follows: "No variance between the allegation in a pleading and the proof is to be deemed material unless it have actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits. * * *." § 25-846, R. R. S. 1943.

This court has said: "A variance between an averment of a pleading and the evidence given to sustain it is not to be deemed material unless it has misled the

adverse party to his prejudice in maintaining his action or defense on the merits." Toy v. McHugh, 62 Neb. 820, 87 N. W. 1059. See, also, Barnhart v. Henderson, 147 Neb. 689, 24 N. W. 2d 854.

This court has also said: "Unless the matter of variance has, in some suitable manner, been brought to the attention of the trial court, a court of review may decline to consider it." Westing v. Chicago, B. & Q. Ry. Co., 87 Neb. 655, 127 N. W. 1076. See, also, Smith v. Brooks, 154 Neb. 93, 47 N. W. 2d 389.

It is true that the rule of the two last-cited cases was announced where a losing party was, after verdict and judgment, claiming a variance, but we can see no difference in principle in that from an instance such as this where a winning party claims his victory on a ground which was not called to the attention of the trial court by the motion which gave him that victory.

If it be assumed, as appellee contends, that there was a variance between the petition and proof it was not such as would require a reversal even if proper motion had been made. The pleading that the automobile of defendant was parked at the time of the collision without proof as to whether it was parked or in motion, with proof that it was at the place designated by the pleading occupied and in the control of the defendant, could not be material or operate to mislead the defendant to his prejudice.

In any event it is unlawful to either operate or to park an automobile on a highway at night without appropriate lights. Under section 39-778, R. R. S. 1943, it is required that an automobile on a highway at night shall have two lighted head lamps in front and a rear red light throwing a beam the distance of at least 500 feet. Under section 39-7,112, R. R. S. 1943, it is required that a parked automobile at night shall have at least one white light in front throwing a beam of at least 500 feet and a rear red light throwing a beam the same distance.

Liability therefore could not depend upon whether the automobile of defendant was parked or in motion at the time of the collision but upon whether or not it was lighted as required by statute or the common law relating to the use and operation of automobiles on public highways.

Coming now to the question of whether or not there was evidence of negligence sufficient to submit to a jury, it is to be observed first that plaintiff was a guest in the automobile of Donald Sandoz. There is no evidence that plaintiff was guilty of negligence or contributory negligence. If Sandoz was guilty of negligence that negligence on the record may not be attributed to plaintiff. Therefore if there was evidence that the defendant was guilty of negligence which caused the collision or if he was guilty of negligence which combined with negligence of Sandoz proximately contributed thereto then the court erred in not submitting the case to a jury. Zielinski v. Dolan, 127 Neb. 153, 254 N. W. 695; Rogers v. Brown, 129 Neb. 9, 260 N. W. 794; Bergendahl v. Rabeler, 131 Neb. 538, 268 N. W. 459; Stark v. Turner, 154 Neb. 268, 47 N. W. 2d 569; Kuska v. Nichols Construction Co., 154 Neb. 580, 48 N. W. 2d 682.

The violation of a statute the design of which is to protect the safety of people in the use of public highways is evidence of negligence. Fimple v. Archer Ballroom Co., 150 Neb. 681, 35 N. W. 2d 680; Armer v. Omaha & C. B. St. Ry. Co., 151 Neb. 431, 37 N. W. 2d 607; Mundy v. Davis, 154 Neb. 423, 48 N. W. 2d 394.

In this instance there was evidence that the defendant violated the duty imposed upon him to have his automobile lighted when he had his automobile on a public highway at night.

This court has said that it is gross negligence to leave an unlighted motor vehicle upon the highway on a dark night without warning to protect approaching travelers. Giles v. Welsh, 122 Neb. 164, 239 N. W. 813.

It must then be concluded that there was evidence of

negligence on the part of the defendant. Could it be reasonably inferred or found that this negligence of which there was evidence caused or proximately contributed to the accident in question and plaintiff's injuries?

The primary cause of the collision of course was the driving of the Sandoz automobile into that of the defendant. Whether or not he would have driven into it if it had been lighted is to be determined by the attitude which could reasonably be taken toward the facts and circumstances by reasonable men. If the minds of reasonable men could find that this was negligence which caused or proximately contributed to the collision then there was presented a question for determination by a jury. Fulcher v. Ike, 142 Neb. 418, 6 N. W. 2d 610; Hamblen v. Steckley, 148 Neb. 283, 27 N. W. 2d 178; Kuska v. Nichols Construction Co., *supra.*

We conclude that the question of the negligence of the defendant was one which should have been submitted to a jury and that it was error to sustain the motion for a directed verdict.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.